DECISION AND JUDGMENT ENTRY
{¶ 1} This is an appeal from a judgment of the Toledo Municipal Court that granted the motion of plaintiff-appellant, CitiFinancial, Inc., for a default judgment against defendant-appellee, Daniel Barrett. In granting the motion, the court also awarded appellant interest at the statutory rate from August 3, 2006.
 {¶ 2} Appellant challenges the trial court's judgment through the following assignment of error: *Page 2 
 {¶ 3} "The trial court erred as a matter of law in failing to grant judgment in favor of plaintiff/appellant for the amount due upon its promissory note together with interest at the rate set forth in the promissory note."
 {¶ 4} On May 4, 2005, Barrett signed a promissory note in connection with a loan agreement that he had executed with appellant. The note stated the interest rate for the loan was 14.9 percent. The note also stated that upon the borrower's default, appellant could require the borrower to repay the entire unpaid principal balance and any accrued interest at once.
 {¶ 5} On October 13, 2006, appellant filed a complaint in the court below alleging that Barrett was in default on the note and owed appellant the sum of $11,163.77. Appellant then demanded judgment in that amount plus interest at the rate of 14.9 percent from August 3, 2006. Barrett did not file an answer, and on December 20, 2006, appellant filed a motion for default judgment.
 {¶ 6} On January 30, 2007, the lower court filed a judgment entry granting the motion for default judgment. The court rendered judgment against Barrett and in favor of appellant in the amount of $11,163.77 plus interest at the "statutory" rate from August 3, 2006. It is noteworthy that the judgment entry initially read "interest at the rate of 14.9%" but the "14.9%" term was crossed off and the term "statutory" was handwritten in its place. Appellant now challenges the court's award of interest at the statutory rate and asserts that it was entitled to interest at the rate provided for in the promissory note. Appellee has not filed a brief. *Page 3 
 {¶ 7} An award of prejudgment interest as to claims arising out of a breach of contract is governed by R.C. 1343.03(A). Calmmish v.Cicchini (2000), 90 Ohio St.3d 22, 33. That statute reads in relevant part: "* * * when money becomes due and payable upon any * * * note, * * * and upon all judgments, decrees, and orders of any judicial tribunal for the payment of money arising out of * * * a contract or other transaction, the creditor is entitled to interest at the rate per annum determined pursuant to section 5703.47 of the Revised Code, unless a written contract provides a different rate of interest in relation to the money that becomes due and payable, in which case the creditor is entitled to interest at the rate provided in the contract."
 {¶ 8} "For entitlement to a rate different than the statutory rate of interest to be charged, R.C. 1343.03(A) sets forth two requisites: (1) there must be a written contract between the parties, and (2) the contact must provide a rate of interest with respect to money that becomes due and payable." Yager Materials, Inc. v. Marietta Indus. Ent,Inc. (1996), 116 Ohio App.3d 233, 235-236, citing P. W.F., Inc. v.C.S.U. Pizza, Inc. (1993), 91 Ohio App.3d 724, 729, and Hobart Bros. Co.v. Welding Supply Serv., Inc. (1985), 21 Ohio App.3d 142, 144.
 {¶ 9} In the present case there is no question that there was a written contract between the parties in the form of a promissory note. The note then provided that "* * * if Borrower defaults, Lender may require Borrower to repay the entire unpaid Principal balance and any accrued interest at once." The interest rate set forth in the note was 14.9 percent. Accordingly, this is the rate at which interest accrued under the contract and *Page 4 
which the trial court should have awarded to appellant. SeeProgressive Parma Care, LLC v. Weybrecht, 8th Dist. No. 89953,2008-Ohio-213; Toledo Area Community Credit Union v. Chapman, 5th Dist. No. 2007CA0003, 2007-Ohio-925. The sole assignment of error is well-taken.
 {¶ 10} On consideration whereof, the court finds that substantial justice has not been done the party complaining and the judgment of the Toledo Municipal Court is reversed. This case is remanded to that court for entry of a judgment consistent with this decision. Appellee is ordered to pay the costs of this appeal pursuant to App.R. 24. Judgment for the clerk's expense incurred in preparation of the record, fees allowed by law, and the fee for filing the appeal is awarded to Lucas County.
JUDGMENT REVERSED.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4.
Mark L. Pietrykowski, P.J., Arlene Singer, J., Thomas J. Osowik, J., CONCUR. *Page 1