SAPP ET AL., APPELLANTS, *v.* AZAR, APPELLEE.
[Cite as Sapp v. Azar (1977), 53 Ohio App. 2d 277.]

(No. 8405—Decided June 15, 1977.)

*Mr. William A. Lawko,* for appellant.
*Mr. Howard L. Calhoun,* for appellee.

BELL, P. J. The subject appeal involves two separately numbered cases which, in turn, involve the same parties in reversed roles as plaintiffs and defendant. Mr. and Mrs. Sapp, defendants in case No. 537736, and plaintiffs in the case now on appeal, 76 CV F 8242, are referred to as plaintiffs for the purpose of this appeal. Mr. Azar is referred to as defendant.

It seems concluded as fact that in 1972 defendant became involved as an agent in the sale of certain realty purchased by plaintiffs. In conjunction with the sale, particularly the down payment therefor, plaintiffs borrowed $400 from defendant as evidenced by a certain cognovit note which they signed. In February of 1975, defendant took a judgment on the note. Sometime later, plaintiffs were notified of that judgment by virtue of a notice that Mr. Sapp's wages were being attached.

Having knowledge of the judgment, plaintiffs contacted counsel who, more than a year after the judgment was entered, moved for relief from judgment. The court rejected this motion, apparently under the provisions of Civ. R. 60.

In July 1976, plaintiffs filed this suit and alleged certain misrepresentations made by defendant concerning the subject of the purchase, the house. A second claim contained in the complaint was dismissed upon defendant's motion and is of no concern to us at this time. The defendant filed a motion for summary judgment on the first cause of action in the plaintiffs' complaint. The trial court sustained this motion in its decision and a judgment entry was filed January 3, 1977, which stated, in part:

"While an action on a cognovit note is to be strictly construed, the Sapps, once receiving notice that a judgment was obtained against them, cannot unreasonably delay the resolve of such litigation by some 16 months later

moving to vacate the judgment and commencing new litigation on the same subject matter. They had a duty to place before the court their counterclaim and to do same without undue delay.''

The court further ruled that:

"* * * [C]ase No. 537736 is dispositive of all issues raised in the instant case. * * *"

The plaintiffs admit that the original action on the note is not appealed, that the judgmet was correct, and that the amount for which judgment was obtained is due and owing.

The court's ruling sustaining the motion for a summary judgment is the subject of our appeal here.

Plaintiffs contend in their assignments of error that the trial court erred in finding that (1) plaintiffs should have appealed the judgment in case No. 537736 as opposed to filing a new claim in the instant case; (2) case No. 537736 is dispositive of the issues in 76 CV 8242; (3) plaintiffs were required to set forth their claims in case No. 537736 as counterclaims under Civ. R. 13(A); (4) the same subject matter underlies both cases; and (5) the cognovit judgment precluded plaintiffs from bringing their new cause of action. Plaintiffs also contend that the trial court failed to properly differentiate between the defendant's company as a party in the first case and the defendant as an individual is the second.

We consider the plaintiffs' contentions collectively and find they are meritorious.

Two facts in the record are of importance. The first, in composite, is that plaintiffs admit the genuineness of the cognovit note, their indebtedness to the defendant as indicated by the note and the regularity of the proceedings at which the judgment was obtained. Secondly, when we speak of case No. 537736, we refer to a case which ended in a final judgment not considered by plaintiffs to be the subject of an attack.

The subject we discuss is unique in that we find no case law or rule discussion, state or federal, bearing on it. Essentially, defendant claims that under Civ. R. 13(A) the plaintiffs' claim here should have been made and

considered by the court as a compulsory counterclaim in the original case. Since a cognovit judgment was rendered immediately upon the filing of the complaint, it is difficult to mandate the necessity for the obligor on the note to then file a counterclaim under Civ. R. 13, particularly since he ordinarily receives no notice of the suit *before* it is filed.

An alternative, of course, is the suggestion that plaintiffs here should have (a) appealed the original judgment or (b) moved to vacate it under Civ. R. 60(B). But in the instant cause, plaintiffs do not claim that they do not owe the monies sued for, nor do they claim that the judgment obtained against them was either void or voidable. To the contrary, they admit the debt and the validity of the judgment.

We hold that where a party against whom a cognovit judgment is taken, does not deny that debt or the validity of the proceedings under which the judgment was taken and where that same party possesses a bona fide claim against the judgment holder which is not directly related to the subject matter or transaction underlying the note itself, the compulsory joinder rule of Civ. R. 13(A) does not bar a subsequent action on the secondary claim.

We find the question raised on the identity of the defendant as an individual or an individual doing business in a "company name" is of no merit. The individual in either case is liable to be sued and to respond in his personal capacity.

We reverse and remand this cause for further proceedings in accordance with this decision and journal entry.

*Judgment reversed and cause remanded.*

Victor and Harvey, JJ., concur.

Harvey, J., retired, of the Court of Common Pleas of Summit County, assigned to active duty in the Ninth Appellate District, pursuant to Section 6(C), Article IV, Constitution.