OPINION
On January 7, 2000, appellant, McDonald Investments, Inc., hired appellee, Kevin Fearn, as a broker. As a signing bonus, appellant paid appellee $385,000. In return, appellee signed five cognovit notes each in the amount of $77,000. One note would be forgiven in each of the first five full years of appellee's employment. If appellee remained with appellant for five full years, he would owe nothing on the cognovit notes.
On February 23, 2001, appellee resigned from his position with appellant. On June 7, 2001, appellant filed a complaint to obtain judgment on the four outstanding cognovit notes. As appellant is a member of the National Association of Securities Dealers (NASD), appellant also filed an arbitration claim to confirm judgment. By judgment entry filed June 7, 2001, the trial court granted judgment in favor of appellant and against appellee in the amount of $308,000.
On June 13, 2001, appellee filed a motion for relief from judgment, asserting counterclaims against appellant. By judgment entry filed August 6, 2001, the trial court granted said motion.
Appellant filed an appeal and this matter is now before this court for consideration. Assignment of error is as follows:
 I. THE DELAWARE COUNTY COURT OF COMMON PLEAS ERRED BY GRANTING DEFENDANT'S MOTION FOR RELIEF FROM JUDGMENT.
 I
Appellant claims the trial court erred in granting appellee's motion for relief from judgment. We disagree.
A motion for relief from judgment under Civ.R. 60(B) lies in the trial court's sound discretion. Griffey v. Rajan (1987), 33 Ohio St.3d 75. In order to find an abuse of that discretion, we must determine the trial court's decision was unreasonable, arbitrary or unconscionable and not merely an error of law or judgment. Blakemore v. Blakemore (1983),5 Ohio St.3d 217. Appellee based its Civ.R. 60(B) motion on the fact that the parties agreed to arbitrate any disputes between them. In GTEAutomatic Electric Inc. v. ARC Industries, Inc. (1976), 47 Ohio St.2d 146, paragraph two of the syllabus, the Supreme Court of Ohio held the following:
 To prevail on a motion brought under Civ.R. 60(B), the movant must demonstrate that: (1) the party has a meritorious defense or claim to present if relief is granted; (2) the party is entitled to relief under one of the grounds stated in Civ.R. 60(B)(1) through (5); and (3) the motion is made within a reasonable time, and, where the grounds of relief are Civ.R. 60(B)(1), (2) or (3), not more than one year after the judgment, order or proceeding was entered or taken.
The gravamen of this dispute is whether appellee has established a "meritorious defense or claim to present if relief is granted." Appellant argues the issue to be addressed is whether a counterclaim for breach of contract is a defense or claim to a cognovit judgment. In support of this position, appellant cites us to Bulkley v. Greene
(1918), 98 Ohio St. 55, paragraph three of the syllabus, wherein the Supreme Court of Ohio held "[a] counterclaim cannot be made available under Section 11635, General Code, as a basis to vacate a judgment by confession. Such is not a defense to the action within the purview of that section." In further support, appellant points out that appellee does not dispute the legality or validity of the cognovit judgment, nor does he deny owing the amount. Appellant argues appellee's claims as verified by his affidavit are claims separate and apart from the debt evidenced by the judgment. Based upon a holding by our brethren from the Ninth District, appellee has the right to maintain a second action separate and distinct from the cognovit judgment action:
 We hold that where a party against whom a cognovit judgment is taken, does not deny that debt or the validity of the proceedings under which the judgment was taken and where that same party possesses a bona fide claim against the judgment holder which is not directly related to the subject matter or transaction underlying the note itself, the compulsory joinder rule of Civ.R. 13(A) does not bar a subsequent action on the secondary claim.
 Sapp v. Azar (1977), 53 Ohio App.2d 277, 280.[1]
A review of appellee's affidavit filed with his motion for relief from judgment demonstrates that he does not dispute the validity of the debt and the cognovit notes sub judice. Fearn aff. at paragraph 10. Also in the affidavit, appellee claims all the contractual disputes between the parties are to be governed by the "Uniform Application for Securities Registration or Transfer Form U-4" that he was required to sign as a "prerequisite" to his employment with appellant. Id. at paragraphs 6 and 7. Appellee has filed a claim with NASD pursuant to the Form U-4. Id. at paragraph 8; Exhibit B. NASD rule IM-10100 governs the failure to act under the provisions of the code of arbitration procedure. Said rule states in pertinent part the following:
 It may be deemed conduct inconsistent with just and equitable principles of trade and a violation of Rule 2110 for a member or a person associated with a member to:
 fail to submit a dispute for arbitration under the NASD Code of Arbitration Procedure as required by that Code;
* * *
 Action by members requiring associated persons to waive the arbitration of disputes contrary to the provisions of the Code of Arbitration Procedure shall constitute conduct that is inconsistent with just and equitable principles of trade and a violation of Rule 2110.
Rule 10101 governs matters eligible for submission and states the following:
 This code of Arbitration Procedure is prescribed and adopted pursuant to Article VII, Section 1(a)(iv) of the By-Laws of the Association for the arbitration of any dispute, claim, or controversy arising out of or in connection with the business of any member of the Association, or arising out of the employment or termination of employment of associated person(s) with any member, * * *.
Both the cognovit loans and the signing of the NASD were prerequisites of appellee's employment. As such, the loans/cognovit notes and the claims raised in appellee's complaint regarding the NASD arise out of his contractual obligation of employment.
We could generally agree with appellant's argument that appellee's claims are in the nature of a counterclaim and are not within the general definition of "defense or claim" á la GTE Automatic, however, we find that by making the arbitration provision of the NASD a prerequisite of employment along with the cognovit notes, appellant has been the architect of its own demise. Appellant chose the forum for the settlement of disputes between the parties and is now barred from skirting the agreement by seeking these cognovit judgments.
Upon review, we find the trial court did not abuse its discretion in granting relief from judgment. We further find the entire dispute to be governed by the NASD's jurisdiction and any action on the collection of the judgments is barred until an action is taken pursuant to R.C. Chapter 2711 et seq.
The sole assignment of error is denied.
The judgment of the Court of Common Pleas of Delaware County, Ohio is hereby affirmed.
By Farmer, P.J., Edwards, J. and Boggins, J. concur.
 JUDGMENT ENTRY
For the reasons stated in the Memorandum-Opinion on file, the judgment of the Court of Common Pleas of Delaware County, Ohio is affirmed.
[1] We note Sapp did not involve a Civ.R. 60(B) motion but a claim that a subsequent complaint filed by the defendant of a cognovit judgment action was barred by Civ.R. 13(A).