[Cite as *Stojkoski v. Main 271 S., L.L.C.*, 2011-Ohio-2117.]

| | | | |
|---|---|---|---|
| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

| | |
|---|---|
| GORAN STOJKOSKI | C.A. No. 25407 |
| Appellee | |
| v. | APPEAL FROM JUDGMENT ENTERED IN THE |
| MAIN 271 SOUTH, LLC | COURT OF COMMON PLEAS COUNTY OF SUMMIT, OHIO |
| Appellant | CASE No. CV 2009 09 6564 |

DECISION AND JOURNAL ENTRY

Dated: May 4, 2011

WHITMORE, Judge.

{¶1} Defendant-Appellant, Main 271 South, LLC ("Main 271 South"), appeals from the denial of its motion to vacate the cognovit judgment entered in favor of Plaintiff-Appellee, Goran Stojkoski, in the Summit County Court of Common Pleas. This Court affirms.

I

{¶2} On April 28, 2008, Stojkoski and Main 271 South entered into a cognovit promissory note in the amount of $170,000, which was secured by a mortgage on the real property located at 271 South Main Street in Akron, Ohio. Main 271 South defaulted on the note, and on September 3, 2009, Stojkoski filed a complaint seeking to recover $162,371.67, plus interest. At the same time, an answer confessing judgment was filed on behalf of Main 271 South, through a warrant of attorney, pursuant to the terms of the note. The trial court entered judgment in Stojkoski's favor on September 9, 2009.

{¶3} On February 18, 2010, Main 271 South filed a motion to vacate the cognovit judgment, arguing that the amount due on the note should have been offset by the amount Stojkoski recovered when he later sold certain equipment, assets, and inventory that were located on the property. The president of Main 271 South, Edmond Jaber, executed an affidavit in support of its motion in which he attested to several transactions that had occurred between he and Stojkoski, all of which related to the real property located at 271 South Main Street. Based on these transactions, he alleged that he had a valid defense based in an offset to the judgment, and further, that he had a compulsory counterclaim to assert for replevin, conversion, and/or civil theft against Stojkoski. Stojkoski filed a memorandum in opposition, in which he included his own affidavit in support of the memorandum. The trial court declined to hold a hearing and on April 23, 2010, denied Main 271 South's motion to vacate. Main 271 South now appeals, asserting one assignment of error for our review.

Assignment of Error

"THE TRIAL COURT COMMITTED ERROR BY DENYING APPELLANT'S MOTION TO VACATE COGNOVIT JUDGMENT PURSUANT TO RULE 60(B) OF THE OHIO RULES OF CIVIL PROCEDURE SINCE THE APPELLANT'S MOTION WAS TIMELY RAISED AND THE APPELLANT ESTABLISHED A MERITORIOUS DEFENSE."

{¶4} In its sole assignment of error, Main 271 South argues that the trial court erred in denying its motion to vacate the cognovit judgment awarded in favor of Stojkoski because it presented a meritorious defense, namely, that it was entitled to a credit against the amount due on the note based on Stojkoski's decision to sell certain assets to a third party. We disagree.

{¶5} The decision to grant or deny a motion for relief from judgment pursuant to Civ.R. 60(B) lies in the sound discretion of the trial court and will not be disturbed absent an abuse of that discretion. *Strack v. Pelton* (1994), 70 Ohio St.3d 172, 174. An abuse of discretion

means that the trial court was unreasonable, arbitrary, or unconscionable in its ruling. *Blakemore v. Blakemore* (1983), 5 Ohio St.3d 217, 219. Civ.R. 60(B) states, in relevant part,

> "To prevail on a motion brought under Civ.R. 60(B), the movant must demonstrate that: (1) the party has a meritorious defense or claim to present if relief is granted; (2) the party is entitled to relief under one of the grounds stated in Civ.R. 60(B)(1) through (5); and (3) the motion is made within a reasonable time[.]" *GTE Automatic Electric, Inc. v. ARC Industries, Inc.* (1976), 47 Ohio St.2d 146, paragraph two of the syllabus.

The three-part test set forth in *GTE Automatic* is a conjunctive one, therefore, the moving party's failure to satisfy any of these three requirements will result in a denial of the motion. *Brown-Graves Co. v. Caprice Homes, Inc.* (Mar. 6, 2002), 9th Dist. No. 20689, at *3, citing *Rose Chevrolet, Inc. v. Adams* (1988), 36 Ohio St.3d 17, 20. Because "special circumstances are presented when a judgment is entered on a cognovit note[,] *** collateral attacks upon such judgments traditionally have been freely permitted." *Meyers v. McGuire* (1992), 80 Ohio App.3d 644, 646. Consequently, a movant seeking to vacate a cognovit judgment faces a less demanding burden of proof. *Cook Family Invests. v. Billings*, 9th Dist. Nos. 05CA008689 & 05CA008691, 2006-Ohio-764, at ¶11. If the motion for relief was timely filed, the movant need only demonstrate "[t]he existence of a valid defense to all or part of a claim" in order to obtain relief. Id., quoting *Davidson v. Hayes* (1990), 69 Ohio App.3d 28, 31. Accord *Meyers*, 80 Ohio App.3d at 646 (noting that "[t]he prevailing view is that relief from a judgment taken upon a cognovit note *** is warranted by authority of Civ.R. 60(B)(5) when the movant (1) establishes a meritorious defense, (2) in a timely application"). Aside from asserting that the obligation has been satisfied, "a meritorious defense is one that goes to the integrity and validity of the creation of the debt or note, the state of the underlying debt at the time of confession of judgment, or the procedure utilized in the confession of judgment on the note." *First Nat. Bank of Pandora v. Freed*, 3d Dist. No. 5-03-36, 2004-Ohio-3554, at ¶10. Neither party disputes that Main 271

South's motion was timely filed, thus, the only dispute between the parties is whether Main 271 South can avail itself to any type of meritorious defense.

{¶6} Main 271 South's sole argument on appeal is that the cognovit judgment amount entered against it should be reduced by the value of the equipment, assets and inventory Stojkoski later sold from the property. It does not take issue with the manner in which the note was created or the process through which Stojkoski sought judgment, nor does it claim that the underlying debt obligation has been satisfied. See, e.g., *BancOhio Nat. Bank v. Schiesswohl* (1988), 51 Ohio App.3d 130, 131-32 (reversing the denial of appellant's motion to vacate based on his assertion that the judgment had been satisfied by the repossession of the collateral); *Brown-Graves Co.*, at *3 (reversing the denial of appellant's 60(B) motion because the cognovit note was ambiguous with respect to the imposition of an interest rate). Instead, Main 271 South argues that a party asserts a meritorious defense when it "makes allegations that the amount due pursuant to a cognovit note is not correct" as it does in this case. Main 271 South considers such a claim to be an attack against the validity of the underlying note, which would favor vacating the judgment entered against it. See *Freed* at ¶10. Main 271 South cites to *Lykins Oil Co. v. Pritchard*, 1st Dist. No. C-050982, 2006-Ohio-5262, in support for its assertion.

{¶7} In *Lykins*, two travel plaza owners entered into a cognovit note with a gasoline supplier whereby they personally guaranteed all payments due under the supply contract between the gasoline supplier and the travel plaza. *Lykins* at ¶4-6. Under the terms of the note, the owners did not agree to any set amount of indebtedness, but rather, secured "the performance of [the travel plaza]." Id. at ¶6. Lykins sought judgment on the note against the owners for nearly $800,000 based on a combination of the travel plaza's unpaid balance, branding costs, attorney fees, and over $500,000 in "lost profits" (an amount attested to by Lykins in its affidavit, but

unsupported by any calculation). Id. at ¶15. The trial court denied the owners' motion to vacate, but the First District reversed. In doing so, the court noted that under the terms of the parties' agreement, the travel plaza owners "were never on notice about the maximum extent of their liability" and "did not guaranty their liability for a sum certain." Id. at ¶16. In turn, "their liability was open-ended" and "under [such] circumstances, *** even a defense of payment would fail when applied to the open-ended liability of the [travel plaza owners]." Id. Based on these facts, the First District concluded the travel owners had presented a meritorious defense by attacking the validity and the amount of the judgment rendered against them. Id. at ¶18.

{¶8} The facts of this case, however, are quite different from those in *Lykins*. Here, the terms of the note state that Main 271 South "promise[d] to pay on demand to *** Stojkoski *** the principal sum of ONE HUNDRED SEVENTY THOUSAND DOLLARS ($170,000) together with interest at the rate of Eight per cent (8%) per annum." It further states that the note "is secured by [] a mortgage to [Stojkoski] on real property owned by [Main 271 South], having an address at 271 South Main Street, Akron, Ohio." Consistent with the statutory requirement for recovering on a cognovit note, the note also states, in capitalized and underlined print, that judgment could be taken against Main 271 South "regardless of any claims that [it] may have against the creditor whether for returned goods, faulty goods, failure on his part to comply with the agreement, or any other cause." Based on the terms set forth above, it is evident that the indebtedness was definite and specific, and did not leave Main 271 South subject to any open-ended liability, as was the case in *Lykins*. Instead, the agreement between the parties clearly stated a principal balance, the property secured by the note, and the ability of Stojkoski to recover under the note for any cause, including non-payment. Based on these distinctions, we do not consider *Lykins* authoritative on the facts of this case.

{¶9} Main 271 South does not dispute that it is in default, nor does it challenge the principal balance based on past payments it has made to Stojkoski. It merely asserts that, under the term of a separate asset purchase agreement it entered into with Stojkoski, the amount due under the cognovit judgment should be reduced. Many courts, including this one, however, have stated that "[a] counterclaim or set-off, *** is not a meritorious defense to a cognovit judgment." *Shuford v. Owens*, 10th Dist. No. 07AP-1068, 2008-Ohio-6220, at ¶20. Accord *Bulkley v. Greene* (1918), 98 Ohio St. 55, paragraphs one and three of the syllabus; *Sapp v. Azar* (1977), 53 Ohio App.2d 277, 280; *Kistner v. Cameo Countertops, Inc.*, 6th Dist No. L-04-1128, 2005-Ohio-1883, at ¶6; *First Merit Bank, N .A. v. NEBS Fin. Servs. Inc.*, 8th Dist. No. 87632, 2006-Ohio-5260, ¶14-15. Much like the facts of this case, in *Shuford*, after judgment was entered against the Owens on a cognovit note, they sought to have the judgment vacated. The Owens argued that Shuford had agreed to offset the $10,000 debt they owed to her based on litigation Mr. Owens had later conducted on Shuford's behalf, for which his legal fees totaled $18,000. The trial court denied the Owens's motion to vacate, and the Tenth District affirmed, explaining that:

> "[A] counterclaim or set-off is, in effect, a claim that would reduce or satisfy the amount due on the note; and relief from cognovit judgment is granted only to the defendant who has a defense to the action. While a set-off or counterclaim does not constitute a valid defense to a cognovit judgment, a judgment debtor retains the right to prosecute a counterclaim in a separate action." (Internal citations and quotations omitted.) *Shuford* at ¶20.

The court went on to note that Mr. Owens's "alleged defense of a set-off, based upon an unrelated legal action, cannot be used as a meritorious defense to the cognovit judgment because it does not go to the 'integrity and validity' of the cognovit note itself." Id. at ¶21, quoting *Freed* at ¶10. Likewise, Main 271 South's alleged right to set-off based on the disposition of assets unrelated to the real property secured by the terms of the note must also fail, as it does not affect

the integrity or validity of the underlying note between it and Stojkoski. *Shuford* at ¶21; *Freed* at ¶10.

{¶10} To the extent Main 271 South points to other agreements it alleges are related to the property and its inventory, equipment, and assets, our review of those agreements indicates that, of the three transactions alleged to have any bearing on the amount due under the cognovit judgment, two of them are asset purchase agreements entered into between Javikr, Inc. and Noha Naim, Inc., neither of whom is a party to the note at issue in this case, nor are they named parties to this cause of action. We acknowledge that Stojkoski signed both agreements as an officer of Javikr, Inc. and that Jaber signed as an officer of Noha Naim, Inc., but fail to see how that affects the promissory note entered into between Stojkoski, individually, and Main 271 South, a separate legal entity, or how the contents of those agreements could constitute a meritorious defense to Stojkoski's complaint. The third transaction is a lease entered into by Main 271 South, as the lessor, and Goran Investments Inc. and Stojkoski, as the lessees. Much like the terms of the promissory note between Stojkoski and Main 271 South, there is no reference in the lease agreement as to the ownership of the equipment, assets and inventory that were located on the property, much less any means by which Main 271 South could challenge the validity and integrity of the promissory note based on the terms of the parties' lease. Thus, Main 271 South has failed to present any meritorious defense in its motion to vacate.

{¶11} Based on the foregoing analysis, the trial court did not abuse its discretion in denying Main 271 South's motion to vacate. Accordingly, Main 271 South's sole assignment of error is overruled.

III

**{¶12}** Main 271 South's sole assignment of error is overruled. The judgment of the Summit County Court of Common Pleas is affirmed.

Judgment affirmed.

_____

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

BETH WHITMORE
FOR THE COURT

BELFANCE, P. J.
CONCURS IN JUDGMENT ONLY

DICKINSON, J.
CONCURS, SAYING:

**{¶13}** I concur in the majority's judgment and most of its opinion. While I acknowledge that the Ohio Supreme Court has written that an abuse of discretion standard applies to the

review of a ruling on a motion for relief from judgment, in practice, both the Supreme Court and this Court have applied a de novo standard: "In order for a party to prevail on a motion for relief from judgment under Civ.R. 60(B), the movant must demonstrate the following. . . . These requirements are independent and in the conjunctive; thus the test is not fulfilled if any one of the requirements is not met." *Strack v. Pelton*, 70 Ohio St. 3d 172, 174 (1994); see *Buckingham, Doolittle & Burroughs LLP v. Healthcare Imaging Solutions LLC*, 9th Dist. No. 24699, 2010-Ohio-418, at ¶10. In this case, Main 271 South failed to satisfy the three-part *GTE Automatic* test and, therefore, as a matter of law, was not entitled to relief under Rule 60(B) of the Ohio Rules of Civil Procedure.

APPEARANCES:

JOHN C. COLLINS, and RACHEL K. BOOHER HAGENBUSH, Attorneys at Law, for Appellant.

JOHN J. RAMBACHER, and MICHAEL J. KAHLENBERG, Attorneys at Law, for Appellee.

ROBERT EDELSTEIN, Attorney at Law, for Appellee.