[Cite as *Dublin v. Beatley*, 2016-Ohio-5606.]

COURT OF APPEALS
DELAWARE COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| CITY OF DUBLIN | : | JUDGES: |
| | : | Hon. Sheila G. Farmer, P.J. |
| Plaintiff-Appellee | : | Hon. William B. Hoffman, J. |
| | : | Hon. John W. Wise, J. |
| -vs- | : | |
| | : | |
| JACK K. BEATLEY, ET AL. | : | Case No. 16 CAE 04 0021 |
| | : | |
| Defendants-Appellants | : | O P I N I O N |

CHARACTER OF PROCEEDING:       Appeal from the Court of Common Pleas, Case No. 15 CVH 09 0598

JUDGMENT:       Reversed

DATE OF JUDGMENT:       August 24, 2016

APPEARANCES:

For Plaintiff-Appellee

PHILIP K. HARTMANN
YAZAN S. ASHRAWI
10 West Broad Street
Suite 2300
Columbus, OH  43215

For Defendant-Appellant

KEVIN E. HUMPHREYS
332 West 6th Avenue
Colubus, OH  43201

*Farmer, P.J.*

{¶1}   On September 9, 2015, appellee, city of Dublin, filed a complaint against appellant, Jack Beatley, seeking to appropriate a portion of his property.  On October 21, 2015, appellant filed a Civ.R. 12(B)(1) motion to dismiss, claiming appellee failed to comply with the notice requirements of R.C. 163.04 and 163.041.  Appellee filed a memorandum in opposition on November 4, 2015.  Due to a glitch in the electronic filing, certain exhibits attached to the memorandum to establish futile efforts to serve notice were not included in the filing.  By judgment entry filed December 21, 2015, the trial court granted the motion, finding it did not have jurisdiction to hear the matter, as appellee failed to provide proper notice to appellant.

{¶2}   On January 8, 2016, appellee filed a Civ.R. 60(B) motion from relief from judgment, claiming mistake and excusable neglect regarding the missing exhibits (affidavits of Dublin police officers).  By judgment entry filed April 19, 2016, the trial court granted the motion, finding appellee could establish constructive service and met all the requirements for relief.  The trial court denied appellant's motion to dismiss, and gave appellee leave to amend its complaint to comply with R.C. 163.05.

{¶3}   Appellant filed an appeal and this matter is now before this court for consideration.  Assignments of error are as follows:

I

{¶4}   "THE TRIAL COURT COMMITTED AN ERROR OF LAW BY MISAPPLYING CIV.R. 60(B) RELIEF TO THE CIV.R.12 (B)(1) DISMISSAL RENDERED ON DECEMBER 21, 2015."

II

{¶5} "THE TRIAL COURT COMMITTED AN ERROR OF LAW IN ITS CONCLUSION THAT CONSTRUCTIVE SERVICE FOR PURPOSES OF THE JURISDICTIONAL PRIORITY RULE, CAN BE EXTENDED TO OPERATE AS A SUBSTITUTE METHOD OF SERVICE REQUIRED BY THE APPROPRIATION PROVISIONS OF R.C. 163.01, ET SEQ."

III

{¶6} "THE TRIAL COURT COMMITTED AN ERROR OF LAW BY ALLOWING CIV.R. 60(B) TO BE USED AS A MECHANISM TO REARGUE ISSUES THAT HAD ALREADY BEEN BRIEFED AND DECIDED BY THE JUDGMENT ENTRY SOUGHT TO BE VACATED."

IV

{¶7} "THE TRIAL COURT COMMITTED AN ERROR OF LAW BY MISAPPLYING CIV.R. 60(B) RELIEF THROUGH ITS DETERMINATION OF AN ULTIMATE ISSUE IN THE CASE – THE DEFENSE OF LACK OF SERVICE OF NOTICES AS REQUIRED BY R.C. 163.04, AND R.C. 163.041."

V

{¶8} "THE TRIAL COURT COMMITTED AN ERROR OF LAW BY FAILING TO HOLD A HEARING BEFORE GRANTING CIV.R. 60(B) RELIEF."

VI

{¶9} "THE TRIAL COURT COMMITTED AN ERROR OF LAW WHEN IT GRANTED LEAVE TO THE PLAINTIFF TO AMEND THE COMPLAINT WHEN ITS EXERCISE OF JURISDICTION WAS LACKING."

I, II, III, IV

{¶10}  Appellant claims the trial court erred in granting appellee's Civ.R. 60(B) motion for relief from judgment, claiming the trial court misapplied the rule to the Civ.R. 12(B)(1) dismissal, and erred in finding constructive service abrogated the necessity to follow R.C. 163.01, et seq.  Appellant also claims the Civ.R. 60(B) motion was merely a re-argument of the motion to dismiss, and the trial court erred in determining the ultimate issue.  We agree in part.

{¶11}  A motion for relief from judgment under Civ.R. 60(B) lies in the trial court's sound discretion.  *Griffey v. Rajan,* 33 Ohio St.3d 75 (1987).  In order to find an abuse of that discretion, we must determine the trial court's decision was unreasonable, arbitrary or unconscionable and not merely an error of law or judgment.  *Blakemore v. Blakemore,* 5 Ohio St.3d 217 (1983).  Appellee based its Civ.R. 60(B) motion on "mistake, inadvertence, surprise or excusable neglect" and "any other reason justifying relief from the judgment."  Civ.R. 60(B)(1) and (5).  In *GTE Automatic Electric Inc. v. ARC Industries, Inc.,* 47 Ohio St.2d 146 (1976), paragraph two of the syllabus, the Supreme Court of Ohio held the following:

> To prevail on a motion brought under Civ.R. 60(B), the movant must demonstrate that: (1) the party has a meritorious defense or claim to present if relief is granted; (2) the party is entitled to relief under one of the grounds stated in Civ.R. 60(B)(1) through (5); and (3) the motion is made within a reasonable time, and, where the grounds of relief are Civ.R.

60(B)(1), (2) or (3), not more than one year after the judgment, order or proceeding was entered or taken.

{¶12} From the face of the Civ.R. 60(B) motion, it is clear the affidavits of the Dublin police officers on the issue of service of notice were omitted from appellee's November 4, 2015 memorandum in opposition to appellant's motion to dismiss. There was a clear assertion of claims of mistake (clerical error) and excusable neglect.

{¶13} In its December 21, 2015 judgment entry granting the motion to dismiss, the trial court referenced the missing affidavits as follows:

Lastly, Plaintiff submits that it has met the requirements of R.C. 163.04 and 163.041 because the law does not require it to engage in futile efforts. Plaintiff contends that Defendant has purposely evaded the certified mail and personal delivery service attempts by Plaintiff. Although Plaintiff refers to Exhibits E, F, and G – attempts to achieve certified mail service and personal service by Dublin police officers – these exhibits are not attached to Plaintiff' memorandum in opposition filed with the Court. Plaintiff has failed to establish that any effort on its part to serve Defendant with the required notice would be futile.

{¶14} Attached to appellee's January 8, 2016 motion for relief from judgment is the affidavit of Janet Pettibone, a legal secretary, who averred the following in part:

4. As part of my assistance with the above-captioned matter, I electronically filed the City of Dublin's Memorandum in Opposition of Defendant Jack K. Beatley's Motion to Dismiss and Plaintiff City of Dublin's Request for Hearing on November 4, 2015.

5. The filing was originally rejected twice and I was advised that the file was either "corrupt or damaged." I spoke with Angela Wheeler, Deputy Clerk, about this issue and she advised that the file may be too large due to the fact that some exhibits were in color.

6. I re-scanned the color exhibits in black and white and proceeded to file the memorandum in opposition along with exhibits through the Delaware County Court of Common Pleas electronic filing system.

7. I checked the Court's online docket to confirm that the memorandum in opposition was filed. The memorandum in opposition appeared on the Court's docket and was stamped on the first page as having been E-Filed on November 4, 2015, at 4:02 p.m.

8. I did not receive another further notification from Delaware County regarding any issues with the City's filing.

{¶15} Appellee presented sufficient operable facts of mistake and excusable neglect in its motion for relief from judgment. Appellee's claims were based upon an error in the electronic filing system that was unknown to appellee until the judgment entry of dismissal. We therefore conclude the trial court did not abuse its discretion in revisiting the motion to dismiss via the Civ.R. 60(B) motion.

{¶16} However, in our analysis of appellee's assertion of a meritorious defense, we find, as a matter of law, the trial court erred in finding constructive service to be sufficient despite the statutory requirements of R.C. 163.04(A). Jurisdictional issues, unlike mistake and excusable neglect, involve questions of law which we review de novo. *John Roberts Management Co. v. Obetz,* 188 Ohio App.3d 362, 2010-Ohio-3382 (10th Dist.). The appropriation of property is a special statutory proceeding governed by R.C. 163.01, et seq.

{¶17} In its April 19, 2016 judgment entry granting the motion for relief from judgment, the trial court specifically expanded the jurisdictional requirement of R.C. 163.04:

> ***I conclude that in an appropriation case, a party must provide evidence that an opposing party has been evading service and that the opposing party has notice of the intended appropriation action in order to request that the court find that the opposing party has been constructively served.
>
> Here, I believe that the Defendant has been evading service and that the Plaintiff should not be required to make further attempts to serve the Defendant. The Plaintiff attempted to serve the Defendant through certified mail and personally. Service by publication under Civ.R. 4.4 is not available to the Plaintiff in this case. At this stage of the litigation, I believe that the Defendant has notice not only of the Plaintiff's intent to move forward with the appropriation, but also the specifics of the Plaintiff's

offer and plan. Although this court has held that strict compliance with statutory service requirements is necessary, other avenues must be available to the Plaintiff if the Defendant is intentionally avoiding service. I am willing to extend the appellate court's logic in *B-Dry* [*Systems, Inc. v. Kronenthal,* 2nd Dist. Montgomery Nos. 17130 and 17619, 1999 WL 961248 (June 30, 1999)] to this situation, and believe that the Plaintiff has shown that the Defendant has received proper notice of the city's intent to appropriate as required by R.C. 163.04.

{¶18} The detailed language of the notice form was codified in R.C. 163.041. The legislative intent is clear and specific as to what the notice *shall* be and how the notice *shall* be given.

{¶19} R.C. 163.04 governs notice. Subsection (A) states the following:

At least thirty days before filing a petition pursuant to section 163.05 of the Revised Code, an agency *shall* provide notice to the owner of the agency's intent to acquire the property. The notice *shall* be substantially in the form set forth in section 163.041 of the Revised Code. The notice *shall* be delivered personally on, or by certified mail to, the owner of the property or the owner's designated representative. (Emphasis added.)

{¶20}  R.C. 163.041 states: "Before initiating an appropriation action, an agency *shall* provide notice to each property owner as required by division (A) of section 163.04 of the Revised Code."  (Emphasis added.)

{¶21}  R.C. 163.05 governs petition for appropriation and states in part: "An agency that has met the requirements of sections 163.04 and 163.041 of the Revised Code, may commence proceedings in a proper court by filing a petition for appropriation of each parcel or contiguous parcels in a single common ownership, or interest or right therein."

{¶22}  It is appellee's position that appellant purposefully avoided service of notice under R.C. 163.04(A) and therefore it was permitted to utilize service under Civ.R. 4.1.  Although we acknowledge appellee's frustration concerning a property owner who is evasive or absent, we find the provisions of Civ.R. 1(C) specifically rejects appellee's position:

> **(C) Exceptions.** These rules, to the extent that they would by their nature be clearly inapplicable, shall not apply to procedure (1) upon appeal to review any judgment, order or ruling, (2) in the appropriation of property, (3) in forcible entry and detainer, (4) in small claims matters under Chapter 1925 of the Revised Code, (5) in uniform reciprocal support actions, (6) in the commitment of the mentally ill, (7) in adoption proceedings under Chapter 3107 of the Revised Code, (8) in all other special statutory proceedings; provided, that where any statute provides for procedure by a general or specific reference to all the statutes

governing procedure in civil actions such procedure shall be in accordance with these rules.

{¶23} Upon review, we find the trial court erred in granting the Civ.R. 60(B) motion from relief from judgment.  The decision on the motion to dismiss is reinstated.

{¶24} Assignment of Error I is denied.  Assignments of Error II, III, and IV are granted.  Assignments of Error V and VI are moot.

{¶25} The judgment of the Court of Common Pleas of Delaware County, Ohio is hereby reversed, and the trial court's December 21, 2015 judgment entry granting appellant's motion to dismiss is reinstated.

By Farmer, P.J.

Hoffman, J. and

Wise, J. concur.

SGF/sg 809