[Cite as *Coshocton v. Gilbert*, 2020-Ohio-1299.]

COURT OF APPEALS
COSHOCTON COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| CITY OF COSHOCTON, | : | JUDGES: |
| | : | Hon. William B. Hoffman, P.J. |
| Plaintiff - Appellee | : | Hon. Craig R. Baldwin, J. |
| | : | Hon. Earle E. Wise, J. |
| -vs- | : | |
| | : | |
| WAYNE DOUGLAS GILBERT, | : | Case No. 2019CA0018 |
| | : | |
| Defendant - Appellant | : | O P I N I O N |

CHARACTER OF PROCEEDING:      Appeal from the Coshocton County
Court of Common Pleas, Case No.
2019CI0226

JUDGMENT:      Affirmed

DATE OF JUDGMENT:      March 31, 2020

APPEARANCES:

For Plaintiff-Appellee                 For Defendant-Appellant

ROBERT A. SKELTON                WARNER MENDENHALL
Attorney for the State                The Law Offices of Warner Mendenhall
760 Chestnut Street                190 North Union Street, Suite 201
Coshocton, Ohio 43812              Akron, Ohio 44304

*Baldwin, J.*

{¶1} Wayne Douglas Gilbert appeals the decision of the Coshocton County Court of Common Pleas denying his motion for relief from judgment. Appellee is the City of Coshocton.

## STATEMENT OF FACTS AND THE CASE

{¶2} On June 26, 2019, the City of Coshocton filed a Complaint for Abatement of Public Nuisance against Appellant Wayne Douglas Gilbert, and Jason Seven LLC, a limited liability company whose sole owner was Gilbert. The complaint alleged that the condition of three properties owned by the defendants were menaces to public health and welfare, unsanitary, no longer fit and habitable and a hazard to the public health, welfare and safety.

{¶3} On July 1, 2019 Gilbert was served a copy of the summons and complaint and on July 24, 2019 the trial court issued a judgment entry scheduling a full hearing on the complaint for August 20, 2019. The judgment entry was sent via regular U.S. Mail to Gilbert's counsel pursuant to Civ.R. 5(B).

{¶4} Gilbert filed an answer on July 24, 2010 asking that the complaint be dismissed.

{¶5} The case came before the trial court for hearing on August 20, 2019. In the judgment entry issued following the hearing, the trial court noted that Gilbert and his counsel "failed to appear for the hearing."(Judgment Entry, August 27, 2019, p. 1, Docket # 14). The trial court found that "'these 'buildings' are public nuisances" and ordered "transfer of ownership to the City of Coshocton" for completion of eviction and demolition. *Id.* The clerk sent a copy of the entry to Gilbert's counsel on August 28, 2019.

**{¶6}** Gilbert filed a motion for relief from judgment pursuant to Civ.R. 60(B) citing "grounds of mistake." (Motion for Relief from Judgment, October 8, 2019, p. 1, Docket #15). Within the motion Gilbert's trial counsel sets forth text he represents as being taken from the "online" docket which reflects an incorrect trial date of August 29, 2019. Counsel relied on this "online docket" so he and Gilbert did not appear at the August 20, 2019 hearing. *Id.* Gilbert contends the trial court's mistaken "online docket" warrants vacation of the judgment and a new trial under Civ.R. 60(B). The motion does not contain any evidence or allegation that Gilbert had a meritorious claim to present if relief had been granted. *GTE Automatic Electric v. ARC Industries*, 47 Ohio St.2d 146, 351 N.E.2d 113 (1976), paragraph two of the syllabus; *Neubauer v. Kender*, 32 Ohio App.3d 49, 50, 513 N.E.2d 1359 (10th Dist.1986).

**{¶7}** Coshocton filed a memorandum contra and Gilbert replied. On October 30, 2019 the trial court issued its decision, describing the issue before the court as whether "a party or attorney may rely on the Clerk's electronic appearance docket for notice of hearing." (Judgment Entry, October 30, 2019, p.1, Docket # 18) The trial court issued findings of fact and concluded that the clerk had complied with the Civil Rules regarding the service of judgment entries, delivering a copy of the trial court's order containing the correct trial date to Gilbert's counsel by regular mail. The trial court concluded that Gilbert's reliance on the Clerk's electronic appearance docket was unsupportable, because the clerk's electronic appearance docket "contains a disclaimer which sets forth that the information contained in the online records system may be inaccurate, and users must acknowledge the disclaimer prior to using the system." (Judgment Entry, October 30, 2019, p.2, paragraph 5, Docket # 18) The trial court held that because the court

speaks through its journal and not the clerk's electronic appearance docket, relief from judgment was unwarranted.

**{¶8}** Gilbert filed a notice of appeal and submitted one assignment of error:

**{¶9}** "I. THE TRIAL COURT ABUSED ITS DISCRETION IN FINDING THE TRIAL COURT'S ELECTRONIC DOCKET MISTAKE DID NOT ENTITLE THE APPELLANT TO A RELIEF FROM JUDGMENT."

## ANALYSIS

**{¶10}** The issue to be decided on an appeal from the denial of a Civ.R. 60 motion for relief from judgment is whether the trial court abused its discretionary authority provided by the rule. *State, ex rel. Freeman, v. Kraft*, 61 Ohio St.2d 284, 400 N.E.2d 1357 (1980) as quoted in *Moore v. Emmanuel Family Training Ctr., Inc.*, 18 Ohio St.3d 64, 66, 479 N.E.2d 879 (1985).  A motion for relief from judgment under Civ.R. 60(B) is addressed to the sound discretion of the trial court, and that court's *** ruling will not be disturbed on appeal absent a showing of abuse of discretion. *Griffey v. Rajan,* 33 Ohio St.3d 75, 77, 514 N.E.2d 1122 (1987). (Citations omitted).

**{¶11}** To obtain relief from judgment under Civ.R. 60(B), a movant must demonstrate that: "(1) the party has a meritorious defense or claim to present if relief is granted; (2) the party is entitled to relief under one of the grounds stated in Civ.R. 60(B)(1) through (5); and (3) the motion is made within a reasonable time, and, where the grounds of relief are Civ.R. 60(B)(1), (2) or (3), not more than one year after the judgment, order or proceeding was entered or taken." *GTE Automatic Elec., Inc. supra,* paragraph two of the syllabus.

The above three requirements of the *GTE Automatic* test "are independent of one another and in the conjunctive." *Technical Servs. Co. v. Trinitech Internatl.,* 9th Dist. No. 21648, 2004-Ohio-965, 2004 WL 384352, ¶ 10. Accordingly, "if the movant fails to satisfy any one of these requirements, the trial court must deny the motion." *Id.* See also *Stojkoski v. Main 271 South, LLC*, 9th Dist. No. 25407, 2011-Ohio-2117, 2011 WL 1734062, ¶ 5 ("The three-part test set forth in GTE Automatic is a conjunctive one, therefore, the moving party's failure to satisfy any of these three requirements will result in a denial of the motion."). A reviewing court evaluates a trial court's decision to grant or deny a Civ.R. 60(B) motion under an abuse of discretion standard. *Technical Servs.,* at ¶ 11.

*Gamble Hartshorn, LLC v. Lee,* 10th Dist. No. 17AP-35, 2018-Ohio-980, 108 N.E.3d 728, ¶ 11appeal not allowed sub nom. *Gamble Hartshorn, L.L.C. v. Lee,* 153 Ohio St.3d 1441, 2018-Ohio-2834, 102 N.E.3d 499.

**{¶12}** The trial court instead focuses on the second element of the *GTE Automatic* analysis, whether Gilbert is entitled to relief. The trial court notes that the clerk complied with the Civil Rules by sending a copy of the court order with the correct date to Gilbert's counsel. Gilbert's counsel concedes that he received the order with the correct date, but failed to notice any discrepancy. Without explanation, Gilbert's counsel continued to rely on the clerk's appearance docket despite the fact that it expressly warns users that the information may be inaccurate.

**{¶13}** Gilbert attempted to persuade the trial court that the decision in *Griesmer v. Allstate Ins. Co.*, 8th Dist. Cuyahoga No. 91194, 2009-Ohio-725, ¶ 19 supported his

position but the trial court found that case distinguishable as the appellant in *Griesmer* never received the notice of the adverse ruling. The trial court also found that dicta in the opinion suggested that practitioners have an obligation to follow the clerk's docket for evidence of filing of orders but could not rely upon it for the content of the order as Gilbert now contends.

{¶14} Gilbert included the case of *Dublin v. Beatley*, 5th Dist. Delaware App. No. 16 CAE 04 0021, 2016-Ohio-5606, 70 N.E.3d 976, ¶ 15 in his brief, but in that case the appellee's claims were based upon an error in the electronic filing system that was unknown to appellee until the judgment entry of dismissal. Appellee in *Dublin* timely filed a brief electronically and received confirmation that brief had been filed. That appellee had completed his obligation and the error was created by the court. In this case the error was created by Gilbert's counsel relying upon inaccurate information after being cautioned it may be inaccurate, and disregarding the court order with the correct date. And while parties may have a duty to keep apprised of the progress of their case on the docket, this caveat is more related to the date of the filing and is not relevant to content. *In re Adoption of J.H.,* 9th Dist. Lorain No. 06CA008902, 2006-Ohio-5957, ¶ 9.

{¶15} The Court denied the motion, finding that the error was with appellant's counsel and we interpret this finding to be a conclusion that there was no excusable neglect on the part of Gilbert or his counsel. Excusable neglect has been defined as some action:

> [n]ot in consequence of the party's own carelessness, inattention, or willful
> disregard of the process of the court, but in consequence of some
> unexpected or unavoidable hindrance or accident." *Emery v. Smith*, 5th

Dist. Nos. 2005CA00051, 2005CA00098, 2005-Ohio-5526, ¶ 16 quoting *Vanest v. Pillsbury Co.* (1997), 124 Ohio App.3d 525, 536 fn. 8, 706 N.E.2d 825. "In addition, '[w]hile unusual or special circumstances can justify neglect, if a party could have controlled or guarded against the happening or event he later seeks to excuse, the neglect is not excusable.' " *Sandifer v. Yoder*, 5th Dist. Tuscarawas No. 2015 AP 02 0008, 2015-Ohio-4270, ¶ 20, quoting *National City Bank v. Kessler,* 10th Dist. No. 03AP–312, 2003–Ohio–6938, ¶ 14.

*Gingrich, supra* at ¶¶ 13-14

**{¶16}** Just like the appellant in *Gingrich*, *supra,* Gilbert has shown a complete disregard for the judicial system and could have guarded against the default judgment from which he sought relief by opening and reviewing the trial court's order. *Id.* at ¶ 15. The clerk's appearance docket was inaccurate, but users are warned of the potential for mistakes.  Even if we were to disregard that warning, counsel received a properly served notice of the hearing with the correct date and had he reviewed it, the discrepancy would have been clear, prompting a review of the facts to determine the correct date.

**{¶17}** After considering the entirety of the record, we do not find that the court's decision to deny the motion for relief from judgment was unreasonable, arbitrary or unconscionable, *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219, 450 N.E.2d 1140, 1142 (1983) and therefor conclude there was no abuse of discretion.

**{¶18}** Appellant's sole assignment of error is overruled and the decision of the Coshocton County Court of Common Pleas is affirmed.


By: Baldwin, J.

Hoffman, P.J. and

Wise, Earle, J. concur.