**WC MILLING, LLC, Appellee,**

v.

**GROOMS et al., Appellants.**

[Cite as *WC Milling, LLC v. Grooms,* 164 Ohio App.3d 45, 2005-Ohio-5420.]

Court of Appeals of Ohio,
Fourth District, Adams County.

No. 03CA783.

Decided Oct. 7, 2005.

J. Matthew Fisher and Michael D. Bornstein, for appellants.

John B. Caldwell, for appellee.

WRIGHT, Judge.

{¶ 1} W. Dale and Rosa Grooms appeal the decision of the Adams County Court of Common Pleas, denying their Civ.R. 60(B) motion for relief from judgment. Appellants contend that the trial court erred when it ruled that they failed to demonstrate a meritorious defense as required by Civ.R. 60(B). Because we find that appellants failed to timely file their motion, we affirm the judgment of the trial court.

I

{¶ 2} Appellants are farmers residing in Adams County, Ohio. Appellee, WC Milling, LLC, is a retail farm and feed-sales business. From 1993 to 1996, appellants patronized appellee's business, buying feed on credit. When appellee delivered the feed, it provided an invoice that stated the amount owed, but did

not disclose any interest or finance charge. Appellee then sent a monthly statement, which disclosed a two percent per month, or 24 percent per annum, finance charge, which it applied to any balance left unpaid by the tenth of each month. Appellants made some payments on the account, including some money toward accrued interest.

{¶ 3} On September 13, 1996, appellants filed a Chapter 12 petition for bankruptcy relief in the United States Bankruptcy Court, Southern District of Ohio. Appellants listed appellee as a creditor. Appellee filed a proof of claim for $17,152.09, which reflected the principal debt plus interest. The trial court filed a Chapter 12 plan, which required appellants to pay appellee the proof-of-claim amount. Appellants never filed an objection to appellee's proof of claim and never made any payment pursuant to the filed plan. On June 7, 2002, the bankruptcy court dismissed the case.

{¶ 4} On June 10, 2002, appellee filed a complaint in the Adams County Court of Common Pleas. The complaint sought $76,991.51, plus continuing interest, as damages. The amount requested reflected both the principal debt and accrued interest as of May 31, 2002. Appellants filed an answer generally denying all allegations in the complaint.

{¶ 5} On July 22, 2002, appellee filed a motion for summary judgment. Appellants failed to respond to the motion. On August 16, 2002, the trial court granted appellee's motion for summary judgment on the grounds that appellee's affidavit, and appellants' failure to respond, showed that no genuine issue of any material fact existed. Appellants did not appeal the judgment, but did institute a malpractice lawsuit against their attorneys.

{¶ 6} On July 25, 2003, appellants field a petition for relief under Chapter 13 of Title 11 of the Bankruptcy Code in the United States Bankruptcy Court, Southern District of Ohio. Then, on August 12, 2003, appellants filed a Civ.R. 60(B) motion to set aside the trial court's original judgment.

{¶ 7} Appellants' Civ.R. 60(B) motion argued that the trial court should set aside the judgment because appellants (1) had a meritorious defense, (2) were entitled to relief under Civ.R. 60(B)(5), and (3) timely filed the motion. Appellants contended that they had a meritorious defense because appellee charged a usurious interest rate at an average of 26.83 percent per annum. Appellants also asserted that they were entitled to relief under Civ.R. 60(B)(5) because not granting relief would permit the trial court's order to enforce an illegal transaction. Finally, appellants argued that their motion was timely because they were not aware that appellee's interest rate was usurious until they obtained new counsel for the Chapter 13 bankruptcy proceeding.

{¶ 8} The trial court denied appellants' Civ.R. 60(B) motion for relief from judgment. In its judgment entry, the trial court ruled that appellants failed to demonstrate a meritorious defense. The trial court found that a valid offer and acceptance for credit with a two percent per month interest rate existed because appellants never objected and had made some payments on the interest. The trial court also found that R.C. 1343.01(B)(6)(ii)(b) [1] applied to the transaction and permitted appellees to charge a rate of interest higher than the default statutory rate. It also ruled that a higher rate of interest was permissible even though the transaction did not include a written agreement, because appellants' acceptance of the monthly invoices and payments on those invoices constituted an offer and acceptance and created a contract implied in fact. Finally, the trial court noted that "one of the early law school days maximums of law [is] that an individual cannot sleep on [his] rights." The trial court was referring to appellants' failure to pursue a direct appeal from the original judgment.

{¶ 9} Appellants appeal and raise the following assignments of error: "I. Based on the facts set forth in the trial court's journal entry, the trial court erred as a matter of law in denying W. Dale and Rosa Grooms' motion for relief from judgment pursuant to Ohio Civ.R. 60(B). II. The trial court erred in failing to grant the appellants' motion for relief from judgment pursuant to Ohio Civ.R. 60(B) in that the evidence showed that appellants have a meritorious defense upon which relief can be granted and the motion was filed within a reasonable time."

II

{¶ 10} For purposes of brevity, we combine the first and second assignments of error. Appellants assert that the trial court erred when it denied their Civ.R. 60(B) motion for relief from judgment when they timely filed the motion, demonstrated a meritorious defense, and met the requirements of Civ.R. 60(B)(5). Appellee argues that (1) appellants failed to demonstrate a meritorious defense and (2) even if appellants can demonstrate a meritorious defense, they are not entitled to relief, because res judicata bars them from asserting it now.

{¶ 11} We will not reverse a trial court's decision regarding a Civ.R. 60(B) motion absent an abuse of discretion. *State ex rel. Richard v. Seidner* (1996), 76 Ohio St.3d 149, 151, 666 N.E.2d 1134; *Rose Chevrolet, Inc. v. Adams* (1988), 36 Ohio St.3d 17, 20, 520 N.E.2d 564. An abuse of discretion implies that the trial court's attitude was unreasonable, arbitrary, or unconscionable. *Blakemore v. Blakemore* (1983), 5 Ohio St.3d 217, 219, 5 OBR 481, 450 N.E.2d 1140.

---

1. It appears that the trial court incorrectly cited the statute. Our review of the judgment entry and record indicates that the trial court meant to cite R.C. 1343.01(B)(6)(a) and (b).

When applying the abuse-of-discretion standard, a reviewing court is not free to substitute its judgment for that of the trial court. *Dunkle v. Dunkle* (1999), 135 Ohio App.3d 669, 675, 735 N.E.2d 469.

{¶ 12} Civ.R. 60(B) provides that a trial court "may relieve a party or his legal representative from a final judgment, order or proceeding for the following reasons: (1) mistake, inadvertence, surprise or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(B); (3) fraud * * *, misrepresentation or other misconduct of an adverse party; (4) the judgment has been satisfied, released or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment have prospective application; or (5) any other reason justifying relief from the judgment. The motion shall be made within a reasonable time, and for reasons (1), (2) and (3) not more than one year after the judgment, order or proceeding was entered or taken."

{¶ 13} To prevail on a Civ.R. 60(B) motion, the movant must demonstrate that "(1) the party has a meritorious defense or claim to present if relief is granted; (2) the party is entitled to relief under one of the grounds stated in Civ.R. 60(B)(1) through (5); and (3) the motion is made within a reasonable time, and, where the grounds of relief are Civ.R. 60(B)(1), (2) or (3), not more than one year after the judgment, order or proceeding was entered or taken." *GTE Automatic Elec., Inc. v. ARC Industries, Inc.* (1976), 47 Ohio St.2d 146, 1 O.O.3d 86, 351 N.E.2d 113, paragraph two of the syllabus. If the moving party fails to meet any one of the above requirements, the trial court should deny the motion. *Strack v. Pelton* (1994), 70 Ohio St.3d 172, 174, 637 N.E.2d 914.

{¶ 14} Appellants argue that the trial court erred when it ruled that they had failed to demonstrate a meritorious defense. The trial court found that R.C. 1343.01(B)(6)(a) applied to the transaction and permitted appellee to charge an interest rate in excess of the maximum rate. The trial court also ruled that the parties entered into a contract implied in fact when appellants accepted the monthly invoices without objection and paid on those invoices. Appellants contend that R.C. 1343.03 applies and that a written agreement was required for appellee to charge an interest rate in excess of the maximum rate. Appellants argue that this constitutes a meritorious defense entitling them to relief under Civ.R. 60(B).

{¶ 15} R.C. 1343.01(A) provides that "parties to a bond, bill, promissory note, or other instrument of writing for the forbearance or payment of money at any future time, may stipulate therein for the payment of interest upon the amount thereof at any rate not exceeding eight per cent per annum payable annually, except as authorized in division (B) of this section." R.C. 1343.01(B)(6)(a)

provides: "Any party may agree to pay a rate of interest in excess of the maximum rate provided in division (A) of this section when: (6)(a) The loan is a business loan to a business association or partnership, a person owning and operating a business as a sole proprietor; any persons owning and operating a business as joint venturers, joint tenants, or tenants in common; any limited partnership; or any trustee owning or operating a business or whose beneficiaries own or operate a business * * *." R.C. 1343.01(B)(6)(b) provides that "'business' means a commercial, agricultural, or industrial enterprise which is carried on for the purpose of investment or profit."

{¶ 16} R.C. 1343.03(A) provides: "In cases other than those provided for in sections 1343.01 and 1343.02 of the Revised Code, when money becomes due and payable upon any bond, bill, note, or other instrument of writing, *upon any book account,* * * * the creditor is entitled to interest at the rate per annum determined pursuant to section 5703.47 of the Revised Code, unless a *written contract* provides a different rate of interest in relation to the money that becomes due and payable, in which case the creditor is entitled to interest at the rate provided in that contract." (Emphasis added.)

{¶ 17} In the case sub judice, the trial court found that R.C. 1343.01(B)(6)(a) applied to the transaction. The trial court ruled that the transaction constituted a "business or commercial account," which is covered by R.C. 1343.01(B)(6)(a) and permits the parties to agree to a higher rate of interest than that set out in R.C. 1343.01(A). The trial court reasoned that the parties had created a contract implied in fact when appellee sent monthly invoices disclosing an interest rate in excess of that set forth in R.C. 1343.01(A) and the appellants paid on those monthly statements. Appellants argue that the trial court erred in its analysis and assert that R.C. 1343.03(A) applies and that without a written agreement for a higher rate of interest than that set forth in R.C. 1343.03(A), the interest must be assessed at ten percent per annum. We agree with appellants and find that the trial court erred when it found they did not have a meritorious defense.

{¶ 18} R.C. 1343.01 applies only to transactions involving bonds, bills, promissory notes, or other instruments of writing for the forbearance or payment of money at any future time. Here, the parties did not execute a bond, bill, promissory note, or other instrument of writing. Instead, appellants purchased feed on credit. At the time of delivery, appellee provided appellants with an invoice, but that invoice did not disclose any finance charges or interest rate. Appellee then sent monthly statements, which did disclose the interest rate, but did not require appellants' signatures. The monthly statements, while in writing, constituted a one-way agreement and do not fall within the general meaning of "bill" as used in R.C. 1343.01(A). Moreover, as explained in more detail below, Ohio law does not consider a monthly statement to be a written agreement for

purposes of R.C. 1343.03. Given that similar language is used in both R.C. 1343.01 and 1343.03, it is only logical to extend this holding to R.C. 1343.01. The trial court may be correct that the transaction constituted a business or commercial account, but that fact alone does not trigger R.C. 1343.01.

{¶ 19} R.C. 1343.03 applies to transactions that are not covered by R.C. 1343.01 and 1343.02. Its coverage extends to transactions involving book accounts and verbal agreements. In *Asset Acceptance Corp. v. Proctor*, 156 Ohio App.3d 60, 2004-Ohio-623, 804 N.E.2d 975, we identified a book account as one that shows " 'the name of the party charged. It begins with a balance, preferably at zero, or with a sum recited that can qualify as an account stated, but at least the balance should be a provable sum. Following the balance, the item or items, dated and identifiable by number or otherwise, representing charges, or debits, and credits, should appear. Summarization is necessary showing a running or developing balance or an arrangement which permits the calculation of the balance to be due.' " Id. at ¶ 12, quoting *Brown v. Columbus Stamping & Mfg. Co.* (1967), 9 Ohio App.2d 123, 126, 38 O.O.2d 143, 223 N.E.2d 373. The account entered into the record meets these criteria. Therefore, appellants alleged operative facts suggesting that R.C. 1343.03 applies to this transaction.

{¶ 20} R.C. 1343.03 sets forth a maximum interest rate determined by R.C. 5703.47. In *Yager Materials Inc. v. Marietta Indus. Ent., Inc.* (1996), 116 Ohio App.3d 233, 687 N.E.2d 505, we held that for an interest rate in excess of the statutory rate set forth in R.C. 1343.03(A) to be valid, two prerequisites must be met: "(1) there must be a written contract between the parties, and (2) the contract must provide a rate of interest with respect to money that becomes due and payable." Id. at 235, 687 N.E.2d 505, citing *P. & W.F., Inc. v. C.S.U. Pizza, Inc.* (1993), 91 Ohio App.3d 724, 729, 633 N.E.2d 606; *Hobart Bros. Co. v. Welding Supply Serv., Inc.* (1985), 21 Ohio App.3d 142, 144, 21 OBR 152, 486 N.E.2d 1229; *Sys. Data, Inc. v. Visi Trak Corp.* (1995), 72 Ohio Misc.2d 8, 10–11, 655 N.E.2d 287. We have held that in order for a written contract to exist for purposes of R.C. 1343.03(A), there must be a writing to which both parties have assented. *Yager*, 116 Ohio App.3d at 235–236, 687 N.E.2d 505. An invoice or monthly statement does not constitute such a writing. Id.; *Hobart Bros. Co.*, 21 Ohio App.3d at 144, 486 N.E.2d 1229; *Olander & Brophy v. Northeastern Pools* (Jan. 7, 1991), Stark App. No. CA–8219, 1991 WL 6268; *Kut Kwick Corp. v. N. Dixie Parts & Serv., Inc.* (Apr. 21, 1988), Montgomery App. No. CA10678, 1988 WL 38130.

{¶ 21} Therefore, the statements on appellee's monthly statements did not constitute a written agreement pursuant to R.C. 1343.03(A). The record does not reveal any other written agreement. Without a written agreement, appellee

could not charge a rate of interest higher than that set forth in R.C. 5703.47, and appellants demonstrated a meritorious defense pursuant to R.C. 1343.03.

{¶ 22} Appellee argues that even if the trial court erred when it ruled that appellants had failed to demonstrate a meritorious defense, any defense is now barred because appellants failed to raise it in earlier proceedings and failed to file a direct appeal from the original action. We agree. Appellants simply failed to assert their defense in a timely manner, as required by Ohio law. At the conclusion of the original action, appellants could have filed a direct appeal to challenge the trial court's decision. Having failed to do this, they are now barred from obtaining relief from that judgment. They filed their Civ.R. 60(B) motion almost one year after the trial court rendered the original judgment. Moreover, appellants fail to articulate any permissible reason for failing to either assert these arguments in the original proceeding or in a direct appeal. The only reason given to this court is that appellants' original attorneys failed to recognize the usury, thus thwarting their ability to argue it in the original action. However, the usury was an evident defense at the time of the original action, and their attorney's failure to notice this can be redressed in a malpractice suit, which appellants have already instituted.

{¶ 23} In conclusion, the trial court abused its discretion when it ruled that appellants failed to demonstrate a meritorious defense by applying the wrong statute to the transaction. However, the trial court acted within its sound discretion when it found that appellants relief from judgment. Because the failure to timely file the motion requires the trial court to deny the motion, we find that the trial court acted properly when it did just that. Accordingly, we affirm the trial court's judgment.

Judgment affirmed.

ABELE, P.J., concurs.

HARSHA, J., concurs in judgment only.

WRIGHT, J., retired, of the Supreme Court of Ohio, sitting by assignment.