JOURNAL ENTRY AND OPINION
{¶ 1} This cause came to be heard upon the accelerated calendar pursuant to App.R. 11.1 and Loc.R. 11.1, the trial court records and briefs of counsel.
 {¶ 2} Plaintiff-appellant, Progressive Parma Care, LLC, appeals the decision of the Cuyahoga County Court of Common Pleas that entered a judgment for "legal interest" instead of the 18 percent rate of interest designated in the contract. For the reasons that follow, we modify the judgment of the trial court to reflect an interest rate of 18 percent.
 {¶ 3} Defendant-appellee, Robin Weybrecht, was a resident patient at Progressive Parma Care, which is a nursing home. Weybrecht signed a contract with Progressive Parma Care, which required payment in full upon billing with an 18 percent per annum interest rate if not paid. Bills were sent monthly.
 {¶ 4} Weybrecht incurred unpaid charges of $15,485.95. The nursing home filed suit to recover for services rendered. A motion for summary judgment was filed and was unopposed by Weybrecht. The trial court granted the nursing home's motion for summary judgment. The judgment entry stated in pertinent part:
 "Judgment on the Complaint is hereby rendered in favor of Plaintiff, Progressive Parma Care, LLC, and against Defendant(s) Robin Weybrecht and Annie Borovic, Executrix of the Estate of Robin Weybrecht, in Annie Borovic's representative capacity, in the amount of $15,485.95, plus interest thereon at 18% [legal interest] per annum from September 1, 2005, and costs."
 {¶ 5} The trial court crossed out the 18% and inserted "legal interest." The nursing home appeals, advancing one assignment of error for our review. *Page 4 
Progressive Parma Care argues that the trial court erred when it entered judgment for "legal interest" when the contract between the parties upon which judgment was rendered provided for an 18 percent rate. Weybrecht has not filed an appellee brief.
 {¶ 6} Ohio courts have held that higher interest rates are allowed when they are provided for in the contract. Classic Funding v.Burgos, Cuyahoga App. No. 80844, 2002-Ohio-6047; Ohio Sav. Bank v. RepcoElecs. (Aug. 13, 1998), Cuyahoga App. No. 73218. In order to charge a different rate than the statutory rate of interest, R.C. 1343.03(A) sets forth two prerequisites. First, there must be a written contract between the parties; second, the contract must provide a rate of interest with respect to money that becomes due and payable. Chappell Door Co. v.Roberts Group, Inc. (May 6, 1991), Fayette App. No. CA90-09-013, citingHobart Bros. Co. v. Welding Supply Serv., Inc. (1985),21 Ohio App.3d 142, 144.
 {¶ 7} R.C. 1343.03(A) states:
 "(A) In cases other than those provided for in sections 1343.01 and 1343.02 of the Revised Code, when money becomes due and payable upon any bond, bill, note, or other instrument of writing, upon any book account, upon any settlement between parties, upon all verbal contracts entered into, and upon all judgments, decrees, and orders of any judicial tribunal for the payment of money arising out of tortious conduct or a contract or other transaction, the creditor is entitled to interest at the rate per annum determined pursuant to section 5703.47 of the Revised Code, unless a written contract provides a different rate of interest in relation to the money that becomes due and payable, in which case the creditor is entitled to interest at the rate provided in that contract. Notification of the interest rate per annum shall be provided pursuant to sections 319.19, 1901.313
[1901.31.3], 1907.202 [1907.20.2], 2303.25, and 5703.47 of the Revised Code." (Emphasis added.) *Page 5 
 {¶ 8} In order for a written contract to exist for purposes of R.C.1343.03(A), "there must be a writing to which both parties have assented." Id. See, also, WC Milling, LLC v. Grooms, 164 Ohio App.3d 45,2005-Ohio-5420; Bunnell Elec, Inc. v. Amehwash, Warren App. No. CA2004-01-009, 2005-Ohio-2502. An invoice or monthly statement does not constitute such a writing. Id.
 {¶ 9} In the present case, there was a written contract between the parties, which was signed by both parties. In that agreement, Weybrecht agreed to pay $168 per day. All per diem payments were due in advance of the eighth day of each month. The contract stated that "A one and a half percent (1-1/2%) monthly finance charge will be applied to all outstanding balances after the thirty (30) days," which equals 18 percent per annum. According to R.C. 1343.03 and the contract, Progressive Parma Care is entitled to the 18 percent interest rate, and the trial court erred when it disregarded what the contract stated.
 {¶ 10} Accordingly, Progressive's sole assignment of error is sustained. The judgment of the trial court is modified to reflect an interest rate of 18 percent.
Affirmed as modified.
It is ordered that appellant and appellees pay their own costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate be sent to said court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
 KENNETH A. ROCCO, J., and MELODY J. STEWART, J., CONCUR. *Page 1