[Cite as *Herbert v. Huntington Natl. Bank*, 2011-Ohio-3663.]

| | | |
|---|---|---|
| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

LENNY HERBERT

    Appellant

    v.

THE HUNTINGTON NATIONAL BANK

    Appellee

C.A. No.    25604

APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF SUMMIT, OHIO
CASE No.    CV 2010-04-2759

DECISION AND JOURNAL ENTRY

Dated: July 27, 2011

---

MOORE, Judge.

**{¶1}** Appellant, Lenny Herbert, appeals the judgment of the Summit County Court of Common Pleas. This Court affirms.

I.

**{¶2}** On January 15, 2009, Huntington National Bank commenced an action against Lenny Herbert, in which Huntington sought a money judgment against Herbert based on a commercial promissory note. On January 20, 2009, the court entered a cognovit judgment in Huntington's favor for the amount allegedly due on the note. On September 16, 2009, Herbert filed a motion to vacate the cognovit judgment. In it he claimed that Huntington breached the promissory note by using a formula to compute interest that was not permitted by the language of the note, and resulted in Huntington charging him more than the agreed upon interest. The trial court denied the motion as untimely on April 2, 2010. He did not appeal that decision.

{¶3} On April 20, 2010, Herbert filed a class action complaint against Huntington alleging the same claim as he did in his previous motion to vacate. Huntington filed a motion for summary judgment on July 23, 2010, contending that Herbert's action was barred by the doctrine of res judicata. Specifically, it argued that Herbert's claim was a defense to the cognovit judgment and should have been raised in the Civ.R. 60(B) proceedings. On September 15, 2010, the trial court granted Huntington's motion.

{¶4} Herbert timely filed a notice of appeal. He raises one assignment of error for our review.

II.

### ASSIGNMENT OF ERROR

"THE TRIAL COURT ERRED IN GRANTING HUNTINGTON'S MOTION FOR SUMMARY JUDGMENT BY FINDING THAT HERBERT'S CLAIM WAS A DEFENSE AND THUS BARRED BY RES JUDICATA, RATHER THAN A COUNTERCLAIM AND THUS PROPERLY INSTITUTED AS A SEPARATE LAWSUIT."

{¶5} In his sole assignment of error, Herbert contends that the trial court erred in granting summary judgment in favor of Huntington, because rather than finding that his claim was a defense and thus barred by res judicata, it should have found that it was a counterclaim and properly instituted as a separate lawsuit. We do not agree.

{¶6} This Court reviews an award of summary judgment de novo. *Grafton v. Ohio Edison Co.* (1996), 77 Ohio St.3d 102, 105. We apply the same standard as the trial court, viewing the facts of the case in the light most favorable to the non-moving party and resolving any doubt in favor of the non-moving party. *Viock v. Stowe-Woodward Co.* (1983), 13 Ohio App.3d 7, 12.

{¶7} Pursuant to Civ.R. 56(C), summary judgment is proper if:

"(1) No genuine issue as to any material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the party against whom the motion for summary judgment is made, that conclusion is adverse to that party." *Temple v. Wean United, Inc.* (1977), 50 Ohio St.2d 317, 327.

{¶8} The party moving for summary judgment bears the initial burden of informing the trial court of the basis for the motion and pointing to parts of the record that show the absence of a genuine issue of material fact. *Dresher v. Burt* (1996), 75 Ohio St.3d 280, 292-93. Specifically, the moving party must support the motion by pointing to some evidence in the record of the type listed in Civ.R. 56(C). Id. Once this burden is satisfied, the non-moving party bears the burden of offering specific facts to show a genuine issue for trial. Id. at 293. The non-moving party may not rest upon the mere allegations and denials in the pleadings but instead must point to or submit some evidentiary material that demonstrates a genuine dispute over a material fact. *Henkle v. Henkle* (1991), 75 Ohio App.3d 732, 735.

{¶9} First, we must address the issue of whether Herbert's claim was a defense or a counterclaim. In *Bulkley v. Greene*, the Supreme Court of Ohio articulated the difference between a defense and a counterclaim. *Bulkley v. Greene* (1918), 98 Ohio St. 55, 59. In *Bulkley* the defendant had confessed judgment through a cognovit note as well. He subsequently filed a motion to vacate the judgment arguing that there had been no consideration given, that there was a separate contract affecting forfeiture of payments, and that the plaintiff had made false and fraudulent representations to induce him to sign the note. The Supreme Court concluded that a counterclaim is not available as a defense to vacate a cognovit judgment. Id. at 59-60. It stated that a defense "affects the amount due on the note" while a counterclaim "would either reduce or satisfy the amount due on the note[.]" Id. at 59. The Supreme Court further found that a

"counterclaim is not a defense. It assumes the existence of the plaintiff's claim and seeks relief by way of a cross-demand." Id. at 61.

{¶10} Herbert relies on the language of *Bulkley* for the proposition that because his claim would "reduce or satisfy the amount due on the note" it is a counterclaim. However, under *Bulkley*, he must also demonstrate that he assumes the existence of the original claim. This distinction was further explained by this Court in *Sapp v. Azar* (1977), 53 Ohio App.2d 277, 280.

{¶11} *Azar* similarly dealt with a cognovit judgment. The plaintiffs filed a Civ.R. 60(B) motion more than a year after the judgment had been entered, and the trial court denied the motion. Subsequently, plaintiffs filed a separate action alleging that they were induced to sign the note by misrepresentations by the defendant. The trial court granted summary judgment to the defendants finding that the counterclaim should have been raised in the prior action. This Court reversed, holding that "where a party against whom a cognovit judgment is taken, does not deny that debt or the validity of the proceedings under which the judgment was taken and where that same party possesses a bona fide claim against the judgment holder which is not directly related to the subject matter or transaction underlying the note itself, the compulsory joinder rule of Civ.R. 13(A) does not bar a subsequent action on the secondary claim." *Sapp*, 53 Ohio App.2d at 280.

{¶12} In *Sapp*, the appellant did not claim that they did not owe the monies sued for, or that the judgment obtained against them was void or voidable; "[t]o the contrary, they admit[ted] the debt and the validity of the judgment." Id. Thus, this Court determined that the misrepresentations claim was in fact a counterclaim and could be brought in a subsequent action. Id.

**{¶13}** This is an important distinction. In order to demonstrate that a claim is in fact a counterclaim, the plaintiff must demonstrate that he does not deny the debt or the validity of the proceedings under which the judgment was taken. *Sapp*, 53 Ohio App.2d at 280. If the claim is a "'miscalculation of the amount remaining due on the note at the time of confession of judgment'" it is a defense. *Baker Motors, Inc. v. Baker Motors Towing, Inc.*, 183 Ohio App.3d 223, 2009-Ohio-3294, at ¶12, quoting *First Natl. Bank of Pandora v. Freed*, 3d Dist. No. 5-03-36, 2004-Ohio-3553, at ¶9-10. This Court previously went on to quote *Freed* and conclude that "'a meritorious defense is one that goes to the integrity and validity of the creation of the debt or note, the state of the underlying debt at the time of confession of judgment, or the procedure utilized in the confession of judgment on the note.'" *Stojkoski v. Main 271 South, LLC*, 9th Dist. No. 25407, 2011-Ohio-2117, at ¶5, quoting *Freed* at ¶10.

**{¶14}** Here, Herbert maintains that "Huntington charged him too much interest on the note because Huntington calculated the interest in a manner not permitted by the language of the note." This argument pertains to the amount remaining due on the note. Herbert does not admit that he owes the judgment amount, and that he has a subsequent claim to off-set such amount. To the contrary, he disputes the amount of the cognovit judgment itself. Thus, the trial court properly concluded that his claim was a defense and not a counterclaim. See *Brown-Graves Co. v. Caprice Homes, Inc.* (Mar. 6, 2002), 9th Dist. No. 20689, at *3 and *Smith v. Sebor* (June 5, 1996), 9th Dist. No. 95CA006237, at *2 (concluding that the appellants had a meritorious defense in their claim that the interest was improperly calculated); *Lewandowski v. Donohue Intelligraphics, Inc.* (1994), 93 Ohio App.3d 430, 432-33 (concluding that the defendant's claim that "the amount of the judgment entered pursuant to the cognovit provision had been incorrectly calculated" was a meritorious defense); *Madison Designs, Inc. v. Fifth Third Bank* (May 1,

1998), 1st Dist. No. C-970181, at *3 (assertions that "the judgment of confession was entered in the wrong amount" and that "the interest rate contained in the judgment was excessive and unauthorized" were valid defenses to a cognovit judgment).

{¶15} Next, we must address the issue of whether res judicata precludes Herbert from raising this claim. In *WC Milling, LLC v. Grooms*, the Fourth District concluded that any defense the appellant sought to argue was barred because "appellants failed to raise it in earlier proceedings and failed to file a direct appeal from the original action." *WC Milling, LLC v. Grooms*, 164 Ohio App.3d 45, 2005-Ohio-5420, at ¶22. The court concluded that the appellant's Civ.R. 60(B) motion, filed almost one year after the original judgment, was untimely and that they "simply failed to assert their defense in a timely manner, as required by Ohio law. At the conclusion of the original action, appellants could have filed a direct appeal to challenge the trial court's decision. Having failed to do this, they are now barred from obtaining relief from that judgment." Id.

{¶16} In *Watts v. Bancohio National Bank*, the Eighth District similarly held that summary judgment was properly granted when: "[t]he [cognovit] judgments in question were unappealed and never vacated" and "[a]ppellants attempted to challenge the judgments by raising defenses they could have raised in Civ.R. 60(B) motions." *Watts v. Bancohio Natl. Bank* (Feb. 12, 1987), 8th Dist. No. 51724, at *1. Thus, they were "precluded by the doctrine of *res judicata* from raising those defenses now." Id.

{¶17} Here, Herbert filed a Civ.R. 60(B) motion, but the trial court found the motion untimely. Rather than appealing the denial of the Civ.R. 60(B) motion, he filed a separate lawsuit. Had he appealed the denial of the Civ.R. 60(B) motion, and had this Court reversed, the matter might have been remanded to the trial court for determination on the merits. Instead, in

the separate lawsuit, he argued that the amount of the cognovit judgment itself was incorrect because "Huntington had charged him interest at a higher rate" than that which was agreed upon in the note. As stated above, this was a defense to the cognovit judgment. "Any defense [Herbert] had to the cognovit judgment should have been asserted in the Civ.R. 60(B) motion * * * and [he] is barred, under the principle of res judicata, from raising those issues in a subsequent action." *Badalamenti v. Natl. City Bank*, 11th Dist. No. 2001-P-0122, 2002-Ohio-4815, at ¶18.

{¶18} Because "this was a defense which * * * could have been raised in [the cognovit] action, it cannot be raised subsequently because of the doctrine of *res judicata*." *Corrigan v. Downing* (1988), 55 Ohio App.3d 125, 127 (holding that the doctrine of res judicata applies to all defenses which should have been raised in the original action, but not to the counterclaims which could not have been raised in the earlier action).

{¶19} Summary judgment was properly granted. Accordingly, Herbert's sole assignment of error is overruled.

III.

{¶20} Herbert's assignment of error is overruled. The judgment of the Summit County Court of Common Pleas is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

CARLA MOORE
FOR THE COURT

DICKINSON, J.
CONCURS

BELFANCE, P. J.
CONCURS IN JUDGMENT ONLY

APPEARANCES:

DAVID P. WEIMER, Attorney at Law, for Appellant.

DAVID P. MEYER and MATTHEW R. WILSON, Attorneys at Law, for Appellant.

JODY MICHELLE OSTER, Attorney at Law, for Appellee.