[Cite as *Wright Safety Co. v. US Bank, N.A.*, 2012-Ohio-3673.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

| | |
|---|---|
| THE WRIGHT SAFETY CO., et al. | C.A. No.    26052 |
| Appellants | |
| v. | APPEAL FROM JUDGMENT ENTERED IN THE |
| U.S. BANK, N.A., et al. | COURT OF COMMON PLEAS COUNTY OF SUMMIT, OHIO |
| Appellees | CASE No.    CV2008-02-1015 |

DECISION AND JOURNAL ENTRY

Dated: August 15, 2012

WHITMORE, Presiding Judge.

{¶1}    Plaintiff-Appellants, The Wright Safety Company, The Wright Rental Company, Save a Life, Inc., and Richard Wright (collectively "Wright Safety"), appeal from the judgment of the Summit County Court of Common Pleas, awarding summary judgment to Defendant-Appellees, U.S. Bank, N.A., Martin Durkin, and Greg Ferrence (collectively "U.S. Bank"). This Court affirms.

I

{¶2}    This Court outlined much of the factual and procedural history underlying this matter in *Wright Safety Co. v. U.S. Bank, N.A.*, 9th Dist. No. 24587, 2009-Ohio-6428. In essence, Wright Safety entered into a revolving loan agreement/line of credit with U.S. Bank in 1996 and repeatedly renewed the loan until 2005 when it learned that U.S. Bank would not be extending the loan for another term. The loan matured on October 31, 2005. By April 2006, Wright Safety still had a balance of over $300,000 due on the loan and had not been able to

obtain financing elsewhere. Wright Safety's outstanding obligation, as well as U.S. Bank's discovery that Wright Safety had violated its loan agreement by misusing funds, led the parties to enter into a cognovit note and forbearance agreement. Wright Safety signed both instruments on April 26, 2006. The cognovit note ultimately matured on September 30, 2006, leaving an outstanding principal balance of $45,000.

{¶3} U.S. Bank sued on the balance of the cognovit note and obtained a judgment against Wright Safety in June 2007. In July 2007, Wright Safety filed a Civ.R. 60(B) motion to vacate the judgment, along with an answer and counterclaim. The trial court denied Wright Safety's motion, and Wright Safety appealed. Before this Court issued a decision, however, Wright Safety voluntarily satisfied the cognovit judgment. As such, we dismissed the appeal as moot. *See Wright Safety Co.* at ¶ 5.

{¶4} On February 1, 2008, Wright Safety filed a seven-count complaint against U.S. Bank. U.S. Bank moved to dismiss the complaint, and the trial court granted the dismissal, concluding that Wright Safety had waived all of its claims against U.S. Bank when it signed the forbearance agreement. On appeal, this Court affirmed in part and reversed in part. We concluded that Wright Safety's claims for lender liability/violation of the duty of good faith, civil conspiracy, and punitive damages were not the proper subject of a motion to dismiss. *Id.* at ¶ 14-15, 33, 34. As such, we remanded the matter to the trial court. *Id.* at ¶ 37.

{¶5} After this Court's remand, U.S. Bank filed its answer as well as a counterclaim for attorney fees. Discovery commenced, and cross-motions for summary judgment were filed. The trial court ultimately denied Wright Safety's motion for summary judgment, granted U.S. Bank's motion, and awarded U.S. Bank costs and attorney fees.

{¶6}    Wright Safety now appeals from the trial court's judgment and raises six assignments of error for our review.    For ease of analysis, we consolidate several of the assignments of error.

II

Assignment of Error Number One

THE TRIAL COURT ERRED, TO THE PREJUDICE OF WRIGHT SAFETY, BY GRANTING U.S. BANK'S SUMMARY JUDGMENT MOTION AND DENYING WRIGHT SAFETY'S SUMMARY JUDGMENT MOTION, BECAUSE THE FORBEARANCE AGREEMENT UPON WHICH THE COURT RELIED WAS BASED (sic) WAS OBTAINED BY DURESS AND WAS INVALID.

Assignment of Error Number Two

THE TRIAL COURT COMMITTED ERROR, PREJUDICIAL TO WRIGHT SAFETY, BY CONCLUDING THAT THE COGNOVIT JUDGMENT TAKEN IN THE PRIOR ACTION SERVED AS A BAR TO WRIGHT SAFETY'S CLAIMS, UNDER THE PRINCIPLE OF RES JUDICATA, BY GRANTING U.S. BANK'S SUMMARY JUDGMENT MOTION, AND BY DENYING WRIGHT SAFETY'S SUMMARY JUDGMENT MOTION.

Assignment of Error Number Three

THE TRIAL COURT ERRED, TO THE PREJUDICE OF WRIGHT SAFETY, BY CONCLUDING THAT U.S. BANK'S CONDUCT TOWARD WRIGHT SAFETY DID NOT VIOLATE THE DUTY OF GOOD FAITH OWED WRIGHT SAFETY, BY GRANTING U.S. BANK'S SUMMARY JUDGMENT MOTION, AND BY DENYING WRIGHT SAFETY'S SUMMARY JUDGMENT MOTION.

{¶7}    In each of the foregoing assignments of error, Wright Safety argues that the trial court erred by granting U.S. Bank's motion for summary judgment and by denying Wright Safety's motion.  Specifically, Wright Safety argues that (1) the forbearance agreement it signed was invalid because it was a product of economic duress, (2) its claims are not barred by res judicata, and (3) it should prevail on the merits because U.S. Bank breached its duty to act in good faith.

**{¶8}** This Court reviews an award of summary judgment de novo. *Grafton v. Ohio Edison Co.*, 77 Ohio St.3d 102, 105 (1996). Pursuant to Civ.R. 56(C), summary judgment is proper if:

> (1) No genuine issue as to any material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the party against whom the motion for summary judgment is made, that conclusion is adverse to that party.

*Temple v. Wean United, Inc.*, 50 Ohio St.2d 317, 327 (1977). The party moving for summary judgment bears the initial burden of informing the trial court of the basis for the motion and pointing to parts of the record that show the absence of a genuine issue of material fact. *Dresher v. Burt*, 75 Ohio St.3d 280, 292-293 (1996). Specifically, the moving party must support the motion by pointing to some evidence in the record of the type listed in Civ.R. 56(C). *Id.* Once this burden is satisfied, the non-moving party bears the burden of offering specific facts to show a genuine issue for trial. *Id.* at 293. The non-moving party may not rest upon the mere allegations and denials in the pleadings but instead must point to or submit some evidentiary material that demonstrates a genuine dispute over a material fact. *Henkle v. Henkle*, 75 Ohio App.3d 732, 735 (12th Dist.1991).

**{¶9}** In support of its summary judgment motion, U.S. Bank pointed to the forbearance agreement Wright Safety signed on April 26, 2006. Wright Safety signed the forbearance agreement and the cognovit note with U.S. Bank at the same time. The forbearance agreement contained the following full release:

> [Wright Safety] represent[s] and warrant[s] that [it is] not aware of, and possess[es] no, claims or causes of action against the Bank. Notwithstanding this representation, and as further consideration for the agreements and understandings herein, [Wright Safety], in every capacity, * * * hereby release[s] the Bank and its officers, directors, employees, agents, attorneys, affiliates, subsidiaries, successors and assigns from any liability, claim, right or cause of action which now exists, or

hereafter arises, whether known or unknown, arising from or in any way related to the facts in existence as of the date hereof.

The cognovit note provided that "[t]his Note is executed and delivered in conjunction with the Forbearance and Extension and Modification Agreement of even date herewith."

**{¶10}** The trial court awarded U.S. Bank summary judgment because it determined that Wright Safety waived all of its claims against the bank by virtue of signing the forbearance agreement. The court further determined that the doctrine of res judicata barred Wright Safety from challenging the validity of its waiver. Specifically, the court held that Wright Safety could have challenged the waiver when U.S. Bank sued on the cognovit note in a prior action. We agree.

**{¶11}** Summary judgment is the "preferred method" by which to address the defense of res judicata. *Costoff v. Akron General Med. Ctr.*, 9th Dist. No. 21213, 2003-Ohio-962, ¶ 14. "The doctrine of res judicata precludes a party from relitigating any issue that was, or should have been, litigated in a prior action between the parties." *Dun-Rite Constr., Inc. v. Hoover Land Co.*, 9th Dist. No. 25731, 2011-Ohio-4769, ¶ 8. If a debtor possesses a defense to a cognovit judgment and fails to assert the defense in a Civ.R. 60(B) motion, the doctrine of res judicata will bar the debtor "from raising those issues in a subsequent action." *Herbert v. Huntington Natl. Bank*, 9th Dist. No. 25604, 2011-Ohio-3663, ¶ 17, quoting *Badalamenti v. Natl. City Bank*, 11th Dist. No. 2001-P-0122, 2002-Ohio-4815, ¶ 18. This is because "[a] valid, final judgment rendered upon the merits bars all subsequent actions based upon any claim arising out of the transaction or occurrence that was the subject matter of the previous action." *Grava v. Parkman Twp.*, 73 Ohio St.3d 379 (1995), syllabus.

**{¶12}** This Court has outlined the circumstances under which a debtor must litigate a particular claim or issue against his creditor at the time the creditor sues upon the debtor's

cognovit note. A debtor need not raise a claim or issue in a cognovit judgment action if he "does not deny that debt or the validity of the proceedings under which the judgment was taken," and the claim or issue "is not directly related to the subject matter or transaction underlying the note itself." *Sapp v. Azar*, 53 Ohio App.2d 277, 280 (9th Dist.1977). Conversely, if a debtor's claim actually constitutes a defense to the cognovit judgment itself, the debtor must raise it in the cognovit action. *Herbert* at ¶ 9-18. "[A] meritorious defense is one that goes to the integrity and validity of the creation of the debt or note, the state of the underlying debt at the time of confession of judgment, or the procedure utilized in the confession of judgment on the note." *Stojkoski v. Main 271 South, LLC*, 9th Dist. No. 25407, 2011-Ohio-2117, ¶ 5, quoting *First Natl. Bank of Pandora v. Freed*, 3d Dist. No. 5-03-36, 2004-Ohio-3554, ¶ 10.

{¶13} The record contains limited information about the prior action between Wright Safety and U.S. Bank. It is apparent, however, that U.S. Bank obtained a cognovit judgment against Wright Safety soon after Wright Safety defaulted on it. *Wright Safety Co.*, 2009-Ohio-6428, at ¶ 5. Wright Safety then filed a Civ.R. 60(B) motion to vacate the cognovit judgment. U.S. Bank attached the trial court's denial of Wright Safety's Civ.R. 60(B) motion to its summary judgment filing. The trial court's entry described the basis for Wright Safety's motion as a "fraud defense." The court denied Wright Safety's request for relief because, while Wright Safety "use[d] terms such as 'fraudulently,' 'extorted,' 'forced' and 'coerced'" in its motion, it did not set forth sufficient facts to warrant relief on the basis of fraud. Wright Safety appealed from the trial court's denial of its Civ.R. 60(B) motion, but then paid the cognovit judgment and caused the appeal to be dismissed as moot. *Id.* Consequently, Wright Safety opted to abandon its attack on the cognovit judgment.

{¶14} Wright Safety later brought this suit against U.S. Bank after U.S. Bank obtained the cognovit judgment. Wright Safety sought to pursue claims for lender liability/violation of the duty of good faith, civil conspiracy, and punitive damages. Wright Safety argues that those claims are separate from the cognovit judgment, and it would have maintained them against U.S. Bank regardless of the outcome of the cognovit judgment suit. Accordingly, Wright Safety argues that the doctrine of res judicata has no application here. Wright Safety's argument misconstrues the issue.

{¶15} All of Wright Safety's claims against U.S. Bank manifested before Wright Safety signed the cognovit note and forbearance agreement with U.S. Bank on April 26, 2006. The forbearance agreement Wright Safety signed contained a full release in favor of U.S. Bank. In order for Wright Safety's claims to survive, the release must be invalid. Wright Safety's argument as to why the release is invalid is that it signed the forbearance agreement as a result of economic duress perpetrated by U.S. Bank. Because Wright Safety signed the cognovit note and forbearance agreement at the same time and the cognovit note specifically incorporated the forbearance agreement, any economic duress in which U.S. Bank allegedly engaged would affect the validity of both the forbearance agreement and the cognovit note itself. The documents Wright Safety signed on April 26, 2006, were the subject matter of the prior action between U.S. Bank and Wright Safety. The real issue, therefore, is whether Wright Safety can attempt to negate the validity of the documents it signed in the current action when it failed to fully litigate that issue in the prior action.

{¶16} Economic duress is a defense, not a claim. *See Blodgett v. Blodgett*, 49 Ohio St.3d 243 (1990), syllabus; *Bancohio Natl. Bank v. Gary Eng.*, 6th Dist. No. L-91-260, 1992 WL 80547, *1 (Apr. 17, 1992); *Lindsay v. Lindsay*, 8th Dist. No. 59750, 1992 WL 14407, *3 (Jan.

30, 1992). If U.S. Bank actually employed economic duress to obtain Wright Safety's signature on the cognovit note and forbearance agreement, proof of that fact would constitute a meritorious defense to the cognovit judgment, not a counterclaim. *See Herbert*, 2011-Ohio-3663, at ¶ 13-14. Wright Safety did file a Civ.R. 60(B) motion to vacate the cognovit judgment on the basis of fraud, but opted not to fully pursue an appeal from the trial court's denial of its motion. Because economic duress was a defense to the cognovit judgment, Wright Safety had to maintain its defense in the prior action. Wright Safety cannot now argue that the release it signed as part of the forbearance agreement is invalid because U.S. Bank procured its signatures on April 26, 2006, through economic duress. The trial court correctly concluded that res judicata bars Wright Safety's economic duress defense. *See id.* at ¶ 17. *See also Weber v. Glenn*, 9th Dist. No. 9040, 1979 WL 207568, *2 (Feb. 28, 1979).

{¶17} Wright Safety's claims against U.S. Bank cannot stand, given the full release it executed after its claims allegedly manifested. This Court need not consider the merits of Wright Safety's claim that U.S. Bank breached its duty of good faith because that claim predates the release and, by signing the forbearance agreement, Wright Safety waived it. The trial court correctly concluded that U.S. Bank was entitled to summary judgment on the basis of res judicata and waiver. Furthermore, because Wright Safety waived its breach of the duty of good faith claim against U.S. Bank, the trial court correctly denied Wright Safety's motion for summary judgment. As such, Wright Safety's first, second, and third assignments of error are overruled.

Assignment of Error Number Four

> THE COURT BELOW ERRED, TO THE PREJUDICE OF WRIGHT SAFETY, BY CONCLUDING THAT U.S. BANK MAY NOT BE HELD LIABLE FOR CONSPIRACY, AND BY GRANTING U.S. BANK'S SUMMARY JUDGMENT MOTION RELATIVE TO THIS CLAIM.

Assignment of Error Number Five

THE COURT BELOW COMMITTED ERROR, PREJUDICIAL TO WRIGHT SAFETY, BY CONCLUDING THAT WRIGHT SAFETY'S CLAIM FOR PUNITIVE DAMAGES LACKED MERIT, AND BY GRANTING U.S. BANK'S SUMMARY JUDGMENT MOTION DISMISSING THIS CLAIM.

{¶18} In its fourth and fifth assignments of error, Wright Safety argues that the trial court erred by granting U.S. Bank's motion for summary judgment as to Wright Safety's claims for civil conspiracy and punitive damages. In its argument, Wright Safety concedes that both claims are derivative claims. *See, e.g., LaSalle Bank, N.A. v. Kelly*, 9th Dist. No. 09CA0067-M, 2010-Ohio-2668, ¶ 32-37; *K.R.G. Inc. v. Patel*, 9th Dist. Nos. 24083 & 24190, 2008-Ohio-5446, ¶ 10-13. Wright Safety's sole argument is that a reversal of the summary judgment decision on its civil conspiracy and punitive damages claims must follow once this Court sustains Wright Safety's other assignments of error and reverses the trial court's summary judgment decision. We have concluded, however, that the trial court properly awarded summary judgment to U.S. Bank. Because Wright Safety concedes that its civil conspiracy and punitive damages claims are derivative claims and offers no other basis for reversal, we similarly conclude that the trial court properly awarded summary judgment on those claims. Wright Safety's fourth and fifth assignments of error are overruled.

Assignment of Error Number Six

THE COURT BELOW ERRED, TO THE PREJUDICE OF WRIGHT SAFETY, BY CONCLUDING THAT U.S. BANK WAS ENTITLED TO SUMMARY JUDGMENT ON ITS COUNTERCLAIM TO RECOVER ITS ATTORNEYS' FEES.

{¶19} In its sixth assignment of error, Wright Safety argues that the trial court erred by awarding U.S. Bank its attorney fees. Specifically, Wright Safety argues that the coercive conduct of U.S. Bank's employees should bar U.S. Bank from recovering any fees.

**{¶20}** The forbearance agreement Wright Safety signed also provided that Wright Safety would pay "the costs and expenses, including attorney fees, incurred by the Bank arising from or relating in any way to this Agreement and any subsequent negotiations, agreements and disputes." Consistent with our holding in the foregoing assignments of error, Wright Safety cannot now argue that U.S. Bank's allegedly coercive conduct at the time of signing the forbearance agreement bars its recovery under the agreement. Wright Safety was obligated to challenge the validity of the forbearance agreement in the prior action. Wright Safety's sixth assignment of error is overruled.

### III

**{¶21}** Wright Safety's assignments of error are overruled. The judgment of the Summit County Court of Common Pleas is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellants.

BETH WHITMORE
FOR THE COURT

CARR, J.
CONCURS.

MOORE, J.
CONCURRING.

{¶22}  Wright Safety on appeal points to evidence with respect to its dealings with U.S. Bank in 2005 which might have created a genuine issue of material fact precluding summary judgment on behalf of the bank and allowing it to present its case to a jury.  The problem for Wright Safety is that the sweeping language of the forbearance agreement, which its attorneys helped to negotiate, constitutes a waiver of the claims it asserts, and the claims are further barred by res judicata because they were not fully pursued in the prior action and appeal.  For these reasons, I must concur in the judgment of the majority.

APPEARANCES:

SIDNEY N. FREEMAN and JOHN A. DAILY, Attorneys at Law, for Appellants.

COLIN G. SKINNER, Attorney at Law, for Appellees.