[Cite as *Rengel v. Yeager*, 2020-Ohio-4166.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
ERIE COUNTY

D. Jeffery Rengel

    Appellee

v.

David Yeager

    Appellant

Court of Appeals No. E-19-050

Trial Court No. 2018-CV-0586

**DECISION AND JUDGMENT**

Decided:  August 21, 2020

* * * * *

D. Jeffery Rengel and Thomas R. Lucas, for appellee.

David Yeager, pro se.

* * * * *

**PIETRYKOWSKI, J.**

{¶ 1} Appellant, David Yeager, appeals the judgment of the Erie County Court of Common Pleas granting summary judgment to appellee, D. Jeffery Rengel, on unpaid attorney fees.  Because no genuine issue of material fact exists as to the debt owed, we affirm.

{¶ 2} The relevant facts of this case are as follows. On August 24, 2004, appellant retained and entered into a fee agreement with attorney appellee to represent him in a real estate dispute and litigation involving property on Kelleys Island, Erie County, Ohio. The fee agreement signed by both parties listed appellee's hourly rate of $200 per hour, plus expenses, and for interest upon any unpaid legal fees at a rate of 18 percent annually (or 1.5 percent per month).

{¶ 3} Appellant was provided legal services from August 2004, through February 2010. Appellant made regular monthly payments of $400 until November 2017, leaving an outstanding balance. Appellant acknowledged the outstanding balance, but the issue of repayment was neither resolved nor the debt satisfied. On October 12, 2018, appellee filed his complaint alleging that as of October 1, 2018, appellant owed him $16,311.84, plus interest.[1] Appellee failed to attach Exhibit A, which was identified in the complaint as the current billing statement.

{¶ 4} Appellant filed an answer and the matter was scheduled for a case management conference on January 2, 2019. Undisputed by the parties and raised in appellant's answer, the magistrate and parties discussed that under Ohio law absent a written contract signed by the party to be charged agreeing to the rate of interest other than the statutory rate, the interest rate requested was not recoverable. That day, appellee filed a notice of service of plaintiff's Exhibit A to the complaint. The exhibit was the written retention and fee agreement dated August 18, 2004, marked received August 24, 2004, and was signed by appellant. It was not the billing statement as represented in the complaint.

---

[1] The complaint initially named appellant's wife as a defendant; on February 26, 2019, she was dismissed without prejudice.

2.

**{¶ 5}** On April 29, 2019, appellant filed a motion to dismiss. Because there were exhibits attached and relied upon, the court converted it to a motion for summary judgment. Appellant argued that appellee was dishonest because the contract he filed and identified as Exhibit A was not what was represented in the complaint: the current billing statement. Thus, appellant contended that appellee committed violations of the Ohio Rules of Professional Conduct. Appellant further asserted that both the contract and billing statement were required and that the court could dismiss the matter absent both documents. Appellant continued the argument in a supplemental memorandum.

**{¶ 6}** Appellee also filed a motion for summary judgment arguing that no genuine issue of material fact remained as to the existence of the debt and the 18 percent interest rate. Appellee supported that motion with an affidavit, itemized billing statements, and the answers to requests for admissions.

**{¶ 7}** On August 29, 2019, the trial court granted summary judgment in favor of appellee and denied appellant's motion. Specifically, the court found that appellant's arguments surrounding the misidentification of plaintiff's Exhibit A were, though factual, immaterial. The court reasoned that appellee supported his summary judgment motion with evidence that a contract, signed by appellant, stated that interest would be charged on amounts 30 days past due at 18 percent annually, and billing statements that show as of May 31, 2019, appellant owed $18,300.76. The court further found that violations of the Ohio Rules of Professional Conduct do not give rise to private causes of action. This appeal followed with appellant raising one assignment of error for our review:

3.

The trial court erred in granting summary judgment and judgment for the Plaintiff-Appell[ee].

{¶ 8} We review the grant or denial of a motion for summary judgment de novo, applying the same standard as the trial court. *Lorain Natl. Bank v. Saratoga Apts.*, 61 Ohio App.3d 127, 129, 572 N.E.2d 198 (9th Dist.1989); *Grafton v. Ohio Edison Co.*, 77 Ohio St.3d 102, 105, 671 N.E.2d 241 (1996). A de novo review requires an independent review of the trial court's decision without any deference to its determination. *Grafton* at 105. A trial court shall grant summary judgment only where (1) no genuine issue of material fact remains to be litigated, (2) the moving party is entitled to judgment as a matter of law, and (3) viewing the evidence most strongly in favor of the nonmoving party, reasonable minds can come to but one conclusion and that conclusion is adverse to the nonmoving party. Civ.R. 56(C); *Harless v. Willis Day Warehousing Co.*, 54 Ohio St.2d 64, 65-66, 375 N.E.2d 46 (1978).

{¶ 9} In appellant's sole assignment of error, he disputes the trial court's award of summary judgment in favor of appellee on three grounds. Addressed first, is appellant's assertion that a genuine issue of material fact existed due to appellee's failure, in contravention of Civ.R. 10(D)(1), to attach a current billing statement to the complaint when it was first filed.

{¶ 10} Civ.R. 10(D)(1) provides as follows:

When any claim or defense is founded on an account or other written instrument, a copy of the account or written instrument must be attached to the pleading. If the account or written instrument is not attached, the reason for the omission must be stated in the pleading.

4.

{¶ 11} Appellant contends that because appellee never attached a current billing statement to his complaint and failed to state a reason for its omission it was a "textbook violation" of Civ.R. 10(D)(1). Appellee admits the error but argues that all the evidence needed to establish the debt owed was before the court prior to its judgment.

{¶ 12} We first note that there is no language in Civ. R. 10(D)(1) stating that the written instrument is required to establish the adequacy of the complaint. *Fletcher v. Univ. Hosps. of Cleveland*, 120 Ohio St.3d 167, 2008-Ohio-5379, 897 N.E.2d 147, ¶ 11. Further, "any failure to attach the required copies is properly addressed by a motion for a more definite statement under Civ.R. 12(E)." *Id.* Those who fail to file a Civ.R. 12(E) motion "before filing [an] answer has waived [their] right to assert Civ.R. 10(D) as a basis for dismissing the plaintiff's complaint." *State Farm Mut. Auto Ins. Co. v. Loken*, 5th Dist. Fairfield No. 04-CA-40, 2004-Ohio-5074, ¶ 21, citing *Point Rental Co. v. Posani*, 52 Ohio App.2d 183, 186, 368 N.E.2d 1267 (10th Dist.1976); *Landskroner v. Landskroner*, 154 Ohio App.3d 471, 2003-Ohio-4945, 797 N.E.2d 1002 (8th Dist.).

{¶ 13} As set forth above, after appellee discovered the failure to attach Exhibit A, he filed a notice of service of the exhibit to which he attached the retention agreement, rather than the billing statement. However, appellee's Civ.R. 56 evidence included an affidavit, itemized billing statement, and answers to requests for admissions showing that there was a written contract entered into and signed by the parties with a set interest rate. Notably, appellant did not dispute the value of the services rendered or that the debt was owed; rather, he challenged the interest rate charged. We reject appellant's first argument.

5.

{¶ 14} Appellant next alleges that summary judgment in favor of appellee was improper due to appellee's deception or "lack of candor" before the court by erroneously supplementing his complaint with the contract as Exhibit A rather than the current billing statement. Appellant further argues that an improper conflict of interest existed because appellee's "personal pecuniary interest" was adverse to his client's. To the extent that appellant is attempting to raise alleged violations of the Ohio Rules of Professional Conduct, the Ohio Supreme Court has held:

> The purpose of disciplinary actions is to protect the public interest and to ensure that members of the bar are competent to practice a profession imbued with the public trust. *Disciplinary Counsel v. Trumbo* (1996), 76 Ohio St.3d 369, 667 N.E.2d 1186. These interests are different from the purposes underlying tort law, which provides a means of redress to individuals for damages suffered as a result of tortious conduct. Accordingly, violation of the Disciplinary Rules does not, in itself, create a private cause of action. *Am. Express Travel Related Servs. Co. v. Mandilakis* (1996), 111 Ohio App.3d 160, 675 N.E.2d 1279.

*Fred Siegel Co., L.P.A. v. Arter & Hadden*, 85 Ohio St.3d 171, 178, 707 N.E.2d 853 (1999).

{¶ 15} Further, appellant has failed to demonstrate any purposeful deception or improper motive in appellee's actions before the trial court. As to the alleged conflict of interest, appellant's contention, if true, would mean that a conflict exists in every attorney/client relationship; the attorney's benefit of being paid versus the client's detriment of paying. Accordingly, we reject appellant's argument.

6.

{¶ 16} Finally, appellant claims that a genuine issue of material fact exists as to the enforceability of the interest rate charged. Charging an interest rate higher than the statutory rate requires a written contract. Pursuant to R.C. 1343.03(A):

> [T]he creditor is entitled to interest at the rate per annum determined pursuant to section 5703.47 of the Revised Code, unless a written contract provides a different rate of interest in relation to the money that becomes due and payable, in which case the creditor is entitled to interest at the rate provided in that contract.

{¶ 17} As noted by the Supreme Court of Ohio "'in order for a written contract to exist for purposes of R.C. 1343.03(A), there must be a writing to which both parties have assented. * * * An invoice or monthly statement does not constitute such a writing.'" *Minster Farmers Coop. Exchange Co., Inc. v. Meyer*, 117 Ohio St.3d 459, 2008-Ohio-1259, 884 N.E.2d 1056, ¶ 27, quoting *WC Milling, L.L.C. v. Grooms*, 164 Ohio App.3d 45, 2005-Ohio-5420, 841 N.E.2d 324, ¶ 20 (4th Dist.). *See* C*apital One Bank, N.A. v. Heidebrink*, 6th Dist. Ottawa No. OT-08-049, 2009-Ohio-2931, ¶ 43 ("[b]ecause [creditor] did not submit proof that its claimed interest rate of 20.40 percent was a term of an agreed-upon contract, the trial court did not abuse its discretion in imposing the statutory rate pursuant to R.C. 1343.03(A).").

{¶ 18} As set forth above, appellee filed a notice of filing Exhibit A to the complaint. The retention and fee agreement was signed by both appellant and appellee and stated in relevant part:

7.

Finally, our billing cycle is monthly and payment is due upon receipt. Any balance remaining after 30 days will be assessed a 1.5% per month, 18% per annum, interest charge compounded monthly unless other arrangements have been made with the firm.

{¶ 19} The submission of the contract evidenced appellant's consent to the 18 percent annual interest rate. Further, appellant made regular payments through November 2017, and disputed the interest charged only upon appellee's commencement of this action in October 2018. Additionally, appellant has not provided evidence showing the invalidity of the agreement or that legal services were not rendered. Therefore, we find no issue of fact as to the interest agreed upon in the contract.

{¶ 20} Based on the forgoing, we find that no issue of material fact exists for trial and that the trial court did not err when it granted summary judgment in favor of appellee. Appellant's assignment of error is not well-taken.

{¶ 21} For the foregoing reasons, we find that substantial justice has been done the party complaining, and the judgment of the Erie County Court of Common Pleas is affirmed. Appellant is ordered to pay the costs of this appeal pursuant to App.R. 24.

Judgment affirmed.


A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

8.

Mark L. Pietrykowski, J.

Christine E. Mayle, J.

Gene A. Zmuda, P.J.
CONCUR.

_____
                        JUDGE

_____
                        JUDGE

_____
                        JUDGE

This decision is subject to further editing by the Supreme Court of
Ohio's Reporter of Decisions.  Parties interested in viewing the final reported
version are advised to visit the Ohio Supreme Court's web site at:
http://www.supremecourt.ohio.gov/ROD/docs/.